## JOHN O'HARA v. THE PEOPLE.

*Forced plea of guilty will not sustain conviction.*

One cannot be prosecuted for a crime until he has been subjected. to a preliminary examination by a justice or other lawful officer, or has had an opportunity to be so examined.

When a court gives a prisoner the alternative of either submitting to a severe sentence or withdrawing a plea of not guilty, pleading guilty, paying a heavy fine and estopping himself from bringing error, a plea of guilty so extorted will not sustain a conviction.

Error to Alpena.    Submitted Oct. 7.    Decided Oct. 14.

CRIMINAL INFORMATION FOR ADULTERY.    Respondent brings error.

*Turnbull & McDonald* for plaintiff in error.

Attorney General *Otto Kirchner* for the people declined to support the conviction.

GRAVES, J. O'Hara was informed against for adultery and pleaded against the prosecution that it was not founded on any preliminary examination before a qualified officer. He averred that the only color of such an examination was before a night policeman, who was neither in law nor fact a justice of the peace. The pleading need not be repeated. The defense was overruled by the court and the defendant placed on trial. The jury returned a verdict of guilty and recommended the defendant to the mercy of the court.

Some very extraordinary proceedings followed. The defendant was given by the judge to understand that he must submit to a severe sentence or else withdraw his plea of not guilty, enter a plea of guilty and immediately pay $400 and estop himself from bringing error. He accepted the last alternative and went through the form

of withdrawing the plea on which he had been tried and convicted, and of pleading guilty, and paid in the $400.

The Attorney General very naturally declines to offer anything in defense of these proceedings.

We are not informed upon what ground the judge sustained the jurisdiction against the objection made to it. The truth of the matters pleaded seems to have been admitted, and that being so it would appear to follow that it stood admitted that there was no foundation for the information. Unless the defendant had been examined or had been given a chance to be examined before a lawful officer he was not amenable to the prosecution.

The great impropriety of the later proceedings referred to is too manifest to justify extended comment.

When a convicted person is brought up for sentence he has rights still, and it is specially incumbent on the judge to take care that they are fully observed and protected. No sort of pressure can be permitted to bring the party to forego any right or advantage however slight. The law will not suffer the least weight to be put in the scale against him, and any attempt cannot fail to be reprobated. Standing at the bar to receive judgment the law surrounds him with its protecting principles and intends that his sentence shall be the reflection of its justice and as far as possible free from all taint of human frailty.

Very recently the State has given the principle expression in positive legislation (Act 99 of 1875, Pub. Laws 1875, p. 140), and surely the bench ought to guard against examples to the contrary.

The judgment must be reversed.

The other Justices concurred.