# CHARLESTON.

## STATE *v.* SHANLEY.

### (DENT, JUDGE, absent.)

Submitted June 13, 1893.—Decided November 18, 1893.

1. INTOXICATING LIQUORS—PLEADING.

On an indictment for a violation of the state revenue law in selling spirituous liquors without a license the plea of guilty may be entered without formally and expressly withdrawing a plea of not guilty theretofore entered.

2. CRIMINAL PROCEEDINGS—DISCRETION.

In a criminal case the court may permit the plea of guilty to be withdrawn and another plea to be entered in its place in the exercise of a sound discretion, if justice and a fair trial on the merits require it; but it must be in time, and the reason for it must be made to appear clearly and distinctly.

3. SPECIAL TERM—NOTICE.

A judge of the Circuit Court in pursuance of section 5 of chapter 112 of Code by a warrant directed to the clerk appoints a special term, which warrant the clerk enters in the order-book of the court but fails to post a copy of such warrant at the door of the court-house. *Held,* Such omission does not in any wise affect the validity of the proceedings of such special term of the court.

W. R. D. DENT, for plaintiff in error.

ATTORNEY-GENERAL T. S. RILEY for the State, cited 64 Cal. 401 ; 13 W. Va. 158; 15 Rep. 200; 60 Miss. 86 ; 109 Ind. 545 ; 17 Cal. 76; 55 Ill. 429 ; 115 Mass. 151.

HOLT, JUDGE:

This is a writ of error from a judgment of the Circuit Court of Taylor county, rendered on the 1st of June, 1892, on a plea of guilty to an indictment against J. W. Shanley for the unlawful selling of spirituous liquors. The following is the assignment of errors in the judgment complained of.

"(1) The court erred in permitting the plea of guilty to be entered without having the plea of not guilty, theretofore entered by petitioner, disposed of or withdrawn.

"(2) The court erred in refusing to allow petitioner leave to withdraw the plea of guilty.

"(3) The court erred in rejecting petitioner's affidavit, marked 'Shanley's Rejected Affidavit,' and refusing petitioner leave to file said affidavit.

"(4) The court erred in overruling petitioner's motion to quash the warrant of the judge appointing said special term of said court, for the reasons assigned by petitioner.

"(5) The court erred in overruling petitioner's motion to continue said case until the first day of the next term of said court, for want of jurisdiction to dispose of the same at said special term.

"(6) The court erred in hearing and considering the evi-

dence of the clerk of said court as to the posting of said warrant calling said special term,. and notifying the sheriff and prosecuting attorney thereof, as the law directs.

"(7) The court erred in overruling petitioner's motion in arrest of judgment, and in entering judgment on the said plea of guilty so entered.

"(8) The said judgment complained of is absolutely null and void. It deprives petitioner of his liberty and property. Petitioner was induced by the agreements and representations of said prosecuting attorney, made with the knowledge and assent of said court (as set out in said affidavit) to enter said plea of guilty, thereby agreeing away his rights, on condition that no such judgment was to be entered; and any judgment rendered on such plea is absolutely null and void, and should be reversed and set aside."

The indictment is in the usual form, and to it there is no objection. On April 17, 1891, defendant entered the plea of not guilty, put himself upon the country, and the state did the like. On April 21, 1891, "came the defendant in person, and pleads guilty to the indictment, whereupon the court takes time to consider of its judgment herein." At the April term, 1892, the court issued a *capias* to hear judgment, returnable forthwith, and, when brought in, he entered into a recognizance with sureties for his future appearance. By warrant dated April 29, 1892, the judge of the Circuit Court ordered and appointed a special term, to commence May 31, 1892. See Code, s. 5, c. 112. At this term, on the 1st day of June, defendant appeared in discharge of his recognizance, and moved the court for leave to withdraw his plea of guilty, and to permit him to plead not guilty to the indictment, and tendered an affidavit in support of the motion, which affidavit being inspected and read by the court, the court overruled defendant's motion for leave to withdraw his plea of guilty and enter his plea of not guilty, and the defendant excepted. He also moved the court to quash the warrant appointing a special term, and moved the court to continue the cause; but the court overruled these motions, and, having fixed the defendant's fine at one hundred dollars, and his impris-

onment in the county jail at sixty days, rendered judgment accordingly.

*Scott's Case*, 10 Gratt. 749–755, was a case of unlawfully selling liquors. The presentment was made at March term, 1851, and at the May term the defendant appeared and demurred, and, the demurrer being overruled, he then pleaded not guilty. At the August term, 1852, when the cause was called for trial, he moved for leave to withdraw his plea of not guilty, and pleaded that he was not a free negro, but an Indian. It was held the plea was tendered too late, even if it was a good plea. See Code, s. 2, c. 159, and *Id.* s. 19.

*Mastranoda* v. *State,* 60 Miss. 86, was an indictment for unlawfully retailing liquor. The defendant had pleaded guilty, but, before sentence had been passed upon him, he moved the court for leave to withdraw his plea of guilty. In support of his motion he filed an affidavit, but did not aver his innocence of the charge. The action of the trial-court refusing leave to withdraw the plea of guilty was held to be correct. The defendant in that case, as in this, appeared to have been an old offender, who in other cases for a like offence had pleaded guilty and escaped with the mildest penalty allowed by law; but being alarmed by a rumor that he was to be more severely dealt with, he wished to withdraw his plea and take his chances before the jury. Judge Chalmers, in closing his opinion, says : "The action of the court probably and properly taught him that the infliction of the lowest penalty for the first offence, instead of conferring a vested right to the same measure of punishment for the second, rather suggests the propriety of so increasing the penalty that it may effectually deter from the recurrence of the third."

In the case of *Pattee.* v. *State*, 109 Ind. 545 (10 N. E. Rep. 421) it was held "that, in the absence of a showing that there was an abuse of discretion, the refusal of the trial-court to permit the withdrawal of a plea of guilty will be upheld." Elliott, C. J., says : "Affidavits can not be made part of the record by the mere recital of the clerk. * *, * The presumption is in favor of the ruling of the court, and, in the absence of a clear and strong showing that there

was an abuse of discretion, the ruling must be sustained."

In *People* v. *Lee*, 17 Cal. 76, it was held that the granting of leave to withdraw a plea rested in the discretion of the court, and no circumstances were shown which indicated that there was any abuse in the exercise of that discretion.

In *Phillips* v. *People*, 55 Ill. 429, it was held that nothing short of a clear abuse of the sound discretion of the court in such refusal can be assigned as error.

In *Com.* v. *Mahoney*, 115 Mass. 151, 152, Gray, C. J., delivering the opinion, says: "A defendant in a criminal case, who has once pleaded to the charge against him, has no right to withdraw his plea, but is confined to the issues of law or fact thereby raised or left open, unless the court in which the case is pending sees fit to exercise the discretion of allowing him to withdraw it, and plead anew."

Bishop in the first volume of his work on Criminal Procedure, § 124 says: "Probably a not inaccurate expression of the American doctrine would be that the judge may permit a pleading to be withdrawn, and another put in its place, whenever this would not violate any positive rule of law or of established practice, but that such a discretion will rarely, if ever, be exercised in aid of an attempt to rely upon a mere dilatory or formal defence."

*Rocco* v. *State*, 37 Miss. 357–366 (an indictment for retailing) is a case in which the refusal does not appear to have worked any injury.

In *Com.* v. *Goddard*, 13 Mass. 455–458, the retraction of the plea of not guilty was while the proceedings were *in fieri.* No matter can be pleaded which is not of right.

*Foster* v. *Com.*, 8 Watts & S. 77–79. While the pleadings are in *fieri* they may be amended. *Rex* v. *Knowles*, 1 Salk. 47 ; *Bonfield* v. *Milner*, 2 Burrows, 1098. See *O'Hara* v. *People*, 41 Mich. 623 (3 N. W. Rep. 161); Whart. Crim. Pl. (8th Ed.) § 414.

In the case before us the offence charged was a violation of the revenue laws of the state (chapter 32, §§ 1, 3, 48, 49) and a writ of error in such cases lies as well for the state as for the accused. Code, s. 3, c. 160. The term was passed at which the plea of not guilty was by necessary implication withdrawn,

and the plea of guilty was entered, and nothing remained to be done but for the court to fix the penalty and render judgment. Nothing else was left open at the following term, when defendant made his motion; and, if the case of *Com.* v. *Scott*, 10 Gratt. 749, is in point, his motion came too late. It had ceased to be a mere pleading—an issue of fact—but the defendant had by his own confession determined and settled the fact of his guilt of the offence as charged in the indictment. It was no longer a matter *in fieri* as a pleading, for that had fullfilled its object, or as matter still in the breast of the court, for that term was ended and past, and the record fixed beyond ordinary amendment or control. So that it was in strictness no longer a mere question of changing pleas—withdrawing one and putting in another —but was more like a motion for new trial after verdict. There was no longer any fact in issue or open for ascertainment by testimony of witnesses or otherwise; but the question remained, what judgment shall the court pronounce? And that upon the facts found by confession was a question fixed by the statute within certain limits. Any person, for every such offence, shall "forfeit not less than ten, nor more than one hundred dollars, and may at the discretion of the court be imprisoned in the county jail not exceeding three months." See Code (Ed. 1891) p. 232, s. 3, c. 32.

It remained for the court to fix the punishment and pronounce the sentence of the law, but not for the defendant to change the pleading, but to allege and show some valid reason why judgment should not be rendered. Such a ground he presents to the court in his affidavit, in which he says that at the April term, 1891, the grand jury presented indictments against him for unlawful selling at retail spirituous liquors; that he appeared to defend; that then and there an agreement was made with affiant and his counsel by the prosecuting attorney with the knowledge and assent of the court by which judgment was to be taken against him on certain indictments for the minimum fine, ten dollars a verdict of not guilty was to be rendered in certain other indictments, and affiant was to plead guilty as to certain other of said indictments; and the court

was simply to enter an order in effect that the court took time to consider of the judgment in the same, and that confessions were simply to stand in that way, and no judgment was to be entered thereon against defendant unless defendant engaged in selling liquor unlawfully, which he had not done, and that he is not guilty, *etc.*

The court has certified, as to the only material fact—that which relates to the agreement—that it is not true. If proper and material, where and how is such an issue of fact to be tried? Certainly not by that court, or by a jury before that judge. If the case depended upon any such question of fact, the defendant mistook his *forum,* even if the material fact in this case were true. It is very different from the case of *O'Hara* v. *People,* 41 Mich. 623 (3 N. W. Rep. 161). In that case it was conceded that on an information for adultery not founded on any true, but only a colorable, preliminary examination, before one who had no authority to make it the defendant was given by the judge to understand that he must submit to a severe sentence, or else withdraw his plea of not guilty, enter a plea of guilty, and immediately pay four hundred dollars and estop himself from bringing error. Graves, J., commenting on this point in the case, says:

"When a convicted person is brought up for sentence, he has rights still, and it is specially incumbent on the judge to take care that they are fully observed and protected. No sort of pressure can be permitted to bring the party to forego any right or advantage, however slight. The law will not suffer the least weight to be put in the scale against him, and any such attempt can not fail to be repudiated. Standing at the bar to receive judgment, the law surrounds him with its protecting principles, and intends that his sentence shall be the reflection of its justice, and, as for as possible, free from all taint of human frailty.

It may be that, in this batch of indictments against defendant, the prosecuting attorney concluded to let one case stand on the confession of guilty for some indefinite period before he had judgment entered on it, holding it *in torrorem* over defendant as some sort of guaranty of good behavior in the future : but it is not very probable that the confession

was induced by a promise on his part that there should be no judgment at all, for that would be out of his power, without leave of the court, and the court certifies positively that there was no such agreement on the part of the court.

It would be taking a long step toward unsettling. proceedings in such cases if the defendant is encouraged to go broadcast in search of loose verbal agreements with which to nullify and set aside confessions of guilt made in open court, and entered without qualification on the record. The case for relief in such a stage of the proceedings must be very strong and urgent, and clearly and certainly made out, before this court, on grounds of public policy, if on no other, ought to interfere; for, as a mode of ascertaining guilt as the pre-requisite of pronouncing the penalty of the law, in cases of great moment, involving life and death, as in treason against the state (see chapter 143, Code) and in cases of felony, if the accused refused to plead, the court shall have the plea of not guilty entered, and the trial shall proceed as if he had put in that plea, but, if he confesses his guilt, no further pleading and no trial is necessary; (see section 2, c. 159, *Id.*) And he may plead guilty of murder in the first degree (section 19, c. 159, *Id.*); and in any case he has to be sentenced for such offence or part as is substantially charged in the indictment (section 18, *Id.*)

There was a motion to quash the warrant of the judge appointing the special term, because the record thereof made by the clerk in vacation does not show that the same was posted at the door of the court-house, as required of the clerk by the statute. See Code, s. 5, c. 112. It is presumed that the clerk did his duty, according to the maxim; but, being no part of the warrant, but merely a part of the clerk's ministerial duty in regard to what he should do after receiving and recording the warrant, his failure to post a copy could not have the slightest effect on the validity of the warrant, or on the power to hold court under it; and, as the court had jurisdiction to hold the term and dispose of defendant's case, there could be no ground of continuance for want of such jurisdiction. The court heard the sworn statement, made in open court by the clerk, that the warrant calling the special term was duly posted as the law

directs, and the prosecuting attorney and the sheriff duly notified thereof. The defendant makes this the ground of his sixth assignment of error. Inasmuch as such sworn statement could not affect the validity of the warrant or the jurisdiction of the court if the clerk had said it was not posted, *etc.*, it is not easy to see how it could do any harm if he said it was posted. It was wholly immaterial, for the purpose in view, whether it was posted or not. There was no error apparent on the face of the record, and the motion in arrest of judgment was properly overruled; nor do I see anything, nor has anything been pointed out, which renders the judgment null and void.

The act of 1882, c. 41, § 10 (see Code, Ed. 1887, p. 267, c. 36, § 10) latter clause, reads as follows: "And whether the judgment be for fine and imprisonment or for fine without imprisonment, the court may at any time during said term order that the defendant against whom' such judgment was rendered be confined in jail until the fine and costs are paid in addition to the term of imprisonment, if any, fixed by the judgment. Provided; that such additional confinement shall not be for a longer period than sixty days." See Code 1868, p. 224.

The court rendered judgment in this case on May 31, 1892, under the law as above stated, and after fixing the fine at one hundred dollars, and his imprisonment in the county jail at sixty days, rendered judgment as follows: "It is therefore considered by the court that the state recover from the defendant the sum of one hundred dollars (the fine aforsaid) and the costs; and it is further considered by the court that the defendant be confined in the jail of this county for the term of sixty days; and it is further considered by the court that if, at the end of said sixty days' imprisonment, the said fine of one hundred dollars and costs be not paid, then the said defendant shall further be continued confined in said jail until said fine and costs be paid, said additional confinement not to exceed sixty days from the end of the first sixty days' imprisonment."

But by the act of March 9, 1891 (see Acts 1891, p. 206) which took effect ninety days after its passage, sections 10 and 11 of chapter 36 of Code were amended and re-enacted.

Code (Ed. 1891) p. 266, c. 36, s. 10. By the law as thus amended, which was the law in force, when the judgment was rendered, he was entitled to be released, after the expiration of the term of imprisonment fixed as punishment, at any time upon his giving bond with good security to the state for the payment of such fine and costs, at a time not exceeding twelve months after the date of such bond. By section 11, if imprisoned for non-payment and defendant fails to give such bond, the County Court may order him to work it out on the roads at a dollar per day, *etc.* So that that part of the judgment complained of, which prescribed the mode of enforcing payment of the fine imposed, was at the time without authority of law to support it, and must therefore be set aside.

But that does not affect the body of the judgment, in which there is no error. The part left out is no part of the punishment. That is the same as the law was when the offence was committed. It is a mere mode of collecting, or rather of enforcing payment of the fine, and safely and distinctly separable from the punishment prescribed by the law and imposed by the court, without in any wise affecting the real and only judgment of the court. Therefore, with such correction, the judgment complained of is affirmed.