# CHARLES TOWN.

STATE v. CARTER.

Decided September 7, 1901.

| 49 | 709 |
|----|-----|
| f50 | 416 |

| 49 | 709 |
|----|-----|
| e53 | 164 |

| 49 | 709 |
|----|-----|
| 54 | 116 |

| 49 | 709 |
|----|-----|
| 61 | 607 |

| 49 | 709 |
|----|-----|
| 64 | 395 |

1. GRAND JURY—*How Summoned.*
    Section 3, chapter 157, Code, requires all grand jurors to be drawn from the list and box prepared and preserved for the purpose in the manner provided by law, except that when the grand jurors so drawn and summoned fail to attend, the court under section 4 shall direct the sheriff to summon any qualified persons to serve as grand jurors whether included in the prepared list or not. (p. 710).

2. SPECIAL JUDGE—*When to be Elected.*
    The absence of a special judge or his refusal to hold court when present, vacates his continuance in office, as well as the appearance of the regular judge, without an order to this effect; and the absence of the regular judge justifies the election of some other person to hold the court, when there is no other person present authorized or willing to do so. (p. 711).

3. OFFICER DE FACTO—*Acts Binding.*
    A judgment given or an act done by any person by authority or color of any office is valid and binding, though it may afterwards be decided or adjudged that he was not lawfully elected or appointed or was disqualified to hold the office, or that the same had been forfeited or vacated. (p. 711).

Error to Circuit Court, Kanawha County.

George Carter was convicted of murder, and brings error.

*Affirmed.*

J. W. KENNEDY, A. C. BLAIR and F. L. BEARDSLEY, for plaintiff in error.

R. H. FREER, ATTY. GEN., and ALEX DULIN, for the State.

DENT, JUDGE:

George Carter obtained a writ of error to a judgment of the criminal court of Kanawha County sentencing him to death for murder. He relies specially on two grounds of error as follows:

First, that the grand jury was improperly selected from the bystanders. Section 4, Article III, Constitution, provides that "No person shall be held to answer for treason or other crime, not cognizable by a justice, unless on presentment or indictment of a grand jury."

Section 39, Article VI, Constitution, requires the legislature to provide by general law for the summoning and impaneling of grand juries. The legislature to meet this requirement of the Constitution enacted chapter 157 of the Code. Section 2 provides the manner of preparing and preserving the jury lists, ballots and box.

Section 3 provides that "all grand jurors shall be selected by drawing ballots from said box in the manner prescribed in this chapter, and the persons whose names are written on the ballots so drawn, shall be returned to serve as grand jurors."

These three sections are mandatory on both the criminal and the circuit courts as to the manner in which the grand jurors shall be selected and summoned.

Section 4 authorizes the court, when the grand jurors so selected and summoned failed to attend, to "direct the sheriff to forthwith summon as many others as may be necessary, whether their names are in such list or not, but who shall in other respects be qualified to act as grand jurors."

This is the only instance in which the courts are authorized to omit the drawing from the prepared list and box. In such case the sheriff may summon qualified grand jurors from among the bystanders sufficient to constitute a grand jury.

The plea rejected in this case alleges that the grand jurors were selected from among the bystanders but fails to show that there was not a necessity for so doing by reason of the non-attendance of jurors drawn according to the provision of the statute. It is fatally defective and was properly rejected. But

if the plea did so allege it would amount to nothing more than an allegation that such grand jurors were temporarily and technically disqualified from serving as such because not drawn from the box.

Section 12 provides that "No presentment or indictment shall be quashed or abated on account of the incompetency or disqualification of any one or more of the grand jurors who found the same." There is no pretense that the grand jury was fraudulently or corruptly impaneled to secure the indictment against the prisoner, or that they were not in all other respects fair, impartial, and qualified grand jurors.

Second, that the judge who presided at the trial was improperly selected at a time when there was already a special judge to try the case.

The record shows that on the 5th day of January, 1901, George W. McClintic was chosen to hold the court during the absence of the judge. On the 7th day of January, 1901, an order was entered rejecting the plea and setting the case for trial January 9, 1901, but the record does not show who presided at this time nor on any of the intervening dates from the 5th to the 9th and the presumption must be that the regular judge did so. The appearance of the regular judge would vacate the office of the special without an order to that effect and if he was again absent on another day a new election for a special judge would be necessary. The record does not show that George W. McClintic was a special judge either *de jure* or *de facto* on the 9th when E. M. Keatley was selected in the absence of the regular judge to hold the court. The objection to him has no just foundation. When a special judge fails to attend or being present declines to hold court when he should do so, he thereby vacates his office except possibly as to any unfinished business in his hands, and another person may be selected to hold the court in lieu of the regular judge then absent. The election of a special judge is merely for the time being or for the disposition of a particular case or cases.

Section 15, chapter 7 of the Code provides that "All judgments given and all acts done by any person by authority or color of any office, or the deputation thereof, under the restored government of Virginia or of this State before his removal therefrom, shall be valid, though it may afterwards be decided or adjudged that he was not lawfully elected or appointed or was

disqualified to hold the office, or that the same had been forfeited or vacated."

This provision is very broad and renders any judgment of any person acting in good faith in color of office without objection valid and binding. It is for the protection of the public and the due and proper administration of justice and to prevent slight and captious objections from interfering therewith after an otherwise fair hearing and trial of any matter has been had.

It is, however, unnecessary to invoke this provision in this case for the reason in that so far as the record discloses E. M. Keatley was duly and properly elected special judge.

The objection. that the prisoner was not present on the 23d day of February, 1901, when a motion was made in his behalf before the regular judge to set aside the verdict, is wholly untenable as such judge had no jurisdiction to entertain or consider such a motion. The record shows that the special judge took the oath required by law. The word law includes both the Constitution and the statute.

The judgment is affirmed.

*Affirmed.*