# CHARLESTON.

STATE *v.* STEVENSON.

Decided May 17, 1910.

1. CRIMINAL LAW—*Bill of Exceptions—Identification.*

    For identification of a bill of exceptions as one made a part of a record by an order, it is not necessary that it bear any number, letter or peculiar mark, or that the order refer to it as bearing a number, letter or mark, if the substance of the bill and the descriptive matter, found therein, are such as leave no room for reasonable doubt that the paper is the one referred to in the order,

2. SAME—*Plea of Guilty—Leave to Withdraw.*

    In the absence of any controling fact or circumstance, rendering it manifestly unjust to do so, the trial court may refuse leave to withdraw a plea of guilty of murder of the first degree, and enter, in lieu thereof, a plea of not guilty.

3. SAME—*Plea of Guilty—Leave to Withdraw—Refusal.*

    To make the action of the court, in doing so, an abuse of its

67 W. Va.

discretionary power, it must appear that the plea was entered under some mistake, misapprehension, compulsion or inducement, or circumstance, working injustice.

4. SAME—*Trial—Plea of Guilty—Withdrawal—Refusal.*

That the plea was entered under a mere surmise or conjecture of the prisoner or his attorney or both that, owing to the known temperament of a special judge, sitting at the time of the entry thereof, the punishment would be lighter than that anticipated from the regular judge, who returned to the bench to render judgment on the plea and fix the penalty, is not sufficient to deprive the court of its discretionary power to refuse such leave.

5. JUDGES—*Disqualification—Criminal Law.*

Such regular judge is not disqualified to render judgment on such plea and determine the penalty, by reason of his having derived impressions, unfavorable to the accused, from conversations had with such special judge and the witnesses, and previously pronounced a sentence of death upon him, erroneous and reversed because of his failure to hear the witnesses regularly in the presence of the prisoner, for the enlightenment of his conscience and judgment in fixing the punishment.

6. SAME—*Disqualification to Sentence Prisoner.*

In determining whether to sentence a prisoner to life imprisonment or death, upon his plea of guilty of first degree murder, the court is not limited or bound to an exact finding as upon an issue of fact. It exercises a discretionary power, conferred upon it by a statute, wherefore the judge need not possess the qualifications of jurors, trying the issue upon a plea of not guilty.

Error to Circuit, Mercer County.

Frank Stevenson was convicted of murder, and brings error.

*Affirmed.*

*Hugh G. Woods,* for plaintiff in error.

*William G. Conley,* Attorney General, and *D. E. Matthews,* Assistant Attorney General, for the State.

POFFENBARGER, JUDGE:

Frank Stevenson, under sentence of death by the criminal court of Mercer county, on his plea of guilty, had his case in this Court once before on a writ of error and procured a reversal of the judgment, as will appear from the report of the decision found in 64 W. Va. 392. After the case was remanded,

he renewed his motion for permission to withdraw his plea of guilty, but the court, after overruling it, again sentenced him to death, and he obtained a second writ of error.

The order in which the motion was overruled shows no exception to the action of the court, but it appears in what is brought up with the record as a bill of exceptions. The order which is said to make it a part of the record is a vacation order, bearing the style of the case and saying: "This day the prisoner presented to the undersigned judge, a bill of exceptions, setting out the proceedings in this case, which being inspected by the court was signed, sealed and is made a part of the record herein this 26th day of July, 1909." It does not, by any number or special mark, identify the bill of exceptions. The paper brought up, as having been referred to in this order, bears the style of the case, is signed as and for a bill of exceptions, mentions the name of the defendant and his attorneys, shows the evidence introduced, motions made and overruled, exceptions and the sentence pronounced upon the prisoner by name. It also embodies the evidence heard by the judge to enable him to determine whether to sentence the prisoner to confinement in the penitentiary for life or to death. Under principles repeatedly declared by this Court, the bill of exceptions is sufficiently identified by its subject matter and designation in the body thereof. *Deboard* v. *Railway Co.*, 62 W. Va. 41; *Chadister* v. *Railway Co.*, 62 W. Va., 566; *Jackson* v. *Railway Co.*, 65 W. Va. 415; *McEndree* v. *Shelton*, 51 W. Va. 516.

The error for which the former judgment was reversed, namely, failure of the judge to hear the evidence, for the guidance of his discretion in determining the penalty, was avoided on this second trial, and no complaint of his action in that particular is made.

The only inquiry raised is, whether the court erred in refusing to· permit the prisoner to withdraw his plea of guilty and re-enter his plea of not guilty for the purpose of obtaining a trial by jury. The application for such leave is based upon no special grounds other than, (1) that special Judge McGrath was sitting in the case when the plea of guilty was entered and the attorney for the prisoner, knowing the sentiment and feeling of said McGrath, respecting the death penalty, had advised the prisoner that, in his judgment, said McGrath would

not sentence him to death upon a plea of guilty, but would sentence him to confinement in the penitentiary for life and that, not knowing the sentiment of the regular judge,· who afterwards came upon the bench and actually pronounced the sentence, he would not have plead guilty, if he had known said McGrath would not pass ·sentence upon him or that the regular judge ·would do so; and (2) that said regular judge, who rendered said ·first judgment which was reversed, having interviewed the special judge and·witnesses, and so become impressed with the certainty of the prisoner's guilt and the heinousness of his crime, had delivered a lengthy sentence in which he vigorously expressed such convictions. and impressions. In resistance of the motion, it was shown that certain witnesses for the state had died and others had left the country, by reason of 'which the state was not in as good- condition to prosecute as it would have been had the prisoner allowed his plea of not guilty, entered in the first instance, to stand and gone to trial on it at the term at which he withdrew it and. plead guilty.

That the trial court has discretion to refuse leave to withdraw a plea of guilty in a capital case was declared by this Court in the decision upon the former writ of error allowed the prisoner. That such discretion is reviewable was also asserted, but the action of the court in such case is reversible only for abuse of its discretionary power. For the same general principle, see *State* v. *Taylor*, 57 W. Va. 228, and *State* v. *Shanley*, 38 W. Va. 516. From this it follows that the plea cannot be withdrawn merely because the offense confessed is capital; and that some ground for leave to withdraw must appear, making it unjust and wrong to refuse it. There are express decisions to this effect. *Griffith* v. *The State*, 36 Ind. 408; *Commonwealth* v. *Winton*, 108 Mass. 485. It only remains, therefore, to inquire whether the matters set up as special reasons for a desire to withdraw the plea were sufficient to deprive the court of its discretion in the premises. There is nothing in them to indicate misapprehension on the part of the prisoner as to the nature of the crime he was confessing, at the time he plead guilty, or the punishment denounced by the law upon persons found guilty thereof. He knew the penalty would be one of two things, death or life

imprisonment. His application for leave to withdraw the plea does not deny his guilt. The whole tenor of his application is the right to a chance of a recommendation by the jury, precluding in law a sentence of death. In pleading guilty, he was not misled as to anything respecting the question of his guilt. He had no intimation from the court as to what the punishment would be. His action, according to his own showing, was based upon a mere surmise as to what punishment the court would inflict. He does not know, and cannot assert, even now that the special judge, sitting at the time of the entry of the plea, would have given him the lighter sentence. It is all a matter of pure speculation and surmise. It is not enough to deprive the court of its discretion, to show that the prisoner expected a milder punishment than was inflicted upon him. *Mastronada* v. *The State,* 60 Miss. 86; *Mounts* v. *Commonwealth,* 89 Ky. 274. The other matter relied upon, as constituting sufficient grounds to control the discretion of the court or render his disregard thereof an abuse of discretion, appeared in the record on the former writ of error. All that could be said of it now could have been said of it then. That record discloses that the judge, who pronounced the sentence, had interviewed the special judge who had heard the evidence and the witnesses and subjected himself to certain impressions from their statements, heard out of court. If that were sufficient to disqualify him now, it was sufficient then. Regarding it as insufficient, we said the judgment could not be reversed on that ground and that the court had committed no error in refusing leave to withdraw it. Hence, we might now say this is a matter already adjudicated in the case. But, independently of that, we do not think the trial judge is incapacitated by his knowledge of the facts and impressions formed. His function was not to determine the guilt or innocence of the prisoner. It was only to ascertain and determine the penalty. It was competent for the legislature to say what disposition should be made of a plea of guilty in a murder case and it has done so by providing that the court may pronounce a sentence of death or confinement in the penitentiary, as may seem right, in the same manner and with like effect as if the prisoner had been found guilty by the verdict of a jury. Code 1906, chapter 159, section 19. This gave the court discretion to inflict either penalty,

according to its judgment as to what is just and right under the circumstances. We do not think the phrase "in the same manner and with like effect as if he had been found guilty by the verdict of a jury" was intended to affect the discretion of the court. If, under this, the court acts in the same manner as a jury, the power is nevertheless discretionary because the statute says the jury may, in their discretion, recommend confinement in the penitentiary for life in lieu of punishment by death. Its purpose and intent is to confer upon the court, in the event of a plea of guilty of murder of the first degree, that discretionary power, as to the penalty, which the jury has when it has found the accused guilty of such crime on his plea of not guilty. In exercising this power, the judge does not hear and determine an issue of fact, a question of guilt or innocence. He is empowered to do what he deems just and right and considers the facts only for the enlightment of his conscience and judgment. He is not bound to make an exact finding on an issue of fact as a juror is upon an inquiry as to guilt. Hence, impressions and opinions do not disqualify. Fixing the punishment is subsequent and sequential in nature. Having determined the guilt of the accused, the jurors themselves necessarily have adverse impressions, when they enter upon an inquiry as to the penalty.

In order to deprive the court of its discretionary power to refuse leave to withdraw a plea of guilty, it seems to be necessary to show that the prisoner was uninformed or misadvised as to the nature of the charge against him and the effect of his plea, or induced by threats or promises to confess the crime. This mistake, misapprehension, promise or inducement may relate to the manner and extent of punishment, but it must appear that something of this nature induced the plea. *Mounts* v. *Commonwealth,* 89 Ky. 274; *Davis* v. *State,* 20 Ga. 674; *People* v. *Scott,* 59 Cal. 341; *Deloach* v. *State,* 77 Miss. 691; 12 Cyc. 351, 352.

For the reasons stated, the judgment complained of must be affirmed.

*Affirmed.*