# HUBBELL v. STATE
(No. 1590; Feb. 18, 1930; 285 Pac. 153)

For the plaintiff in error there was a brief by *Durham* and *Bacheller* of Casper, Wyoming, and oral argument by *Mr. E. Paul Bacheller.*

For the state there was a brief by *William O. Wilson,* Attorney General, *J. A. Greenwood,* Deputy Attorney General, and *A. E. Stirrett,* and oral argument by *Mr. Stirrett.*

BLUME, Chief Justice.

On June 15, 1926, an information was filed in the Justice Court against the defendant George Hubbell for the larceny of a horse of the value of $25.00. The justice finding probable cause, the defendant was required to answer the charge in the District Court and an information in that court was filed on September 29, 1926. On October 4, 1926, the defendant entered a plea of guilty. Nothing further was done in the case until January 12, 1929, when the defendant was brought before the court for sentence, after having been apprehended in this state. Thereupon the defendant filed a motion, signed by him, asking to to permitted to withdraw his plea of guilty and stating that it was obtained from him by promises of immunity and that he was induced to consent to the entry thereof by reason of such promises; that the motion was based on oral testimony which the defendant offered to submit. No oral testimony, however, was submitted to the court. The defendant also filed what he called an objection to the sentence, stating that he was not guilty of the charge against him. An affidavit was filed also by John D. Dawson, who acted for the defendant as attorney at the time of the entry of the plea of guilty. This affidavit, slightly abbreviated, states in part as follows:

"This affiant investigated the charge contained in the information on file herein and the defense of the defendant thereto, and believed and still believes that the defendant has a good and meritorious defense and that he was in fact not guilty of the charge contained in the said information; that said cause was set for trial before a jury in this Court on the 29th day of November, 1926; that associated with him in the defense of such action was Joseph Garst, attorney at law, * * * and Joseph Garst, this affiant and the defendant were present in the Court room at Douglas for the purpose of engaging in the defense of the action;

that shortly before the time the cause was called for trial, Joseph Garst informed this affiant that he believed that if the defendant would enter a plea of guilty to the charge contained in the information, that no sentence would be passed upon him, conditioned upon his permanent removal from the State of Wyoming; that your affiant objected to such an arrangement, believing it to be beyond the powers of the Court to enforce; that the defendant had been theretofore arrested and charged with various felonies and misdemeanors, of all of which he had been found not guilty, or the cases had been dismissed or had not been prosecuted; nevertheless, the affiant knew that the defendant did not bear a particularly good reputation by reason of said prosecutions, for which reason, this affiant knew or believed that it would be dangerous to go to trial upon the charge contained in the information upon file herein; that affiant and Joseph Garst discussed the proposition so submitted and with a special prosecutor appointed by this Court in this cause, and was finally persuaded against his better judgment to submit the offer to the defendant; that thereupon affiant submitted the offer to the defendant, who seriously objected thereto—first, because he was not guilty of the charge contained in the information and did not want to have a criminal record, and for the further reason that he had property and assets in and around Converse County, and did not desire to be compelled to remove from Converse County to the sacrifice of his property; * * * that the offer was submitted to the defendant by this affiant at about the hour of 10 o'clock in the forenoon on November 28, 1928, and was by the defendant refused; the matter however was continued to the following day at 1:30 o'clock in the afternoon for the purpose of passing sentence on the defendant, and in the meantime, the defendant agreed to the offer and agreed to enter a plea of guilty. The agreement having been assented to by the defendant, he was thereupon released and was permitted to go at large upon his own recognizance, and he immediately withdrew from the County of Converse and since then, as your affiant has been informed and believes, has maintained his home in Nebraska; that recently the defendant was apprehended at or near the town of LaGrange and was returned to Converse County, and is now in jail waiting sentence on the charge contained in the information on his plea of guilty, obtained as herein recited.''

Mr. Garst also filed an affidavit, stating that all of the matters set forth in the affidavit of Mr. Dawson were true. The substance of the claim herein, accordingly, is that the defendant was induced by his own counsel, or one of them, to enter a plea of guilty, with the understanding, consented to by one of the counsel representing the state, that defendant would not be sentenced, upon condition that he would leave the state and stay out of it. It is not claimed that counsel for the state had anything to do with inducing the defendant to enter such plea, and merely gave the consent to the stated arrangement. It does not appear whether the judge sitting in the case knew of the agreement. It is also conceded that the defendant violated the foregoing condition; that he came back into the state, was arrested in Goshen County, and brought back to Converse County to be sentenced upon his plea of guilty. The trial court refused to permit the defendant to withdraw his plea and sentenced the defendant to a term in the penitentiary, and the defendant has appealed to this court, alleging as the only error the refusal of the court to permit the plea of guilty to be withdrawn.

■ The court has the power, after a plea of guilty has been entered, to permit it to be withdrawn and a plea of not guilty to be entered instead. The discretion is not an absolute one, but the exercise thereof is subject to review, if an abuse of discretion is shown. 16 C. J. 396-398; 8 R. C. L. 111-112. The presumption is that the court acted rightly, and the question before us, accordingly, is as to whether or not it affirmatively appears from the record that the court abused its discretion herein. It is apparent from an examination of the various cases upon the subject that each case must necessarily be governed by its own facts. A number on this subject are collected in 8 Ann. Cas. 237-241, and in 20 A. L. R. 1445-1460.

It is undoubtedly true, as claimed by counsel for defendant, that the discretion of the court should be exercised liberally in favor of life and liberty. 16 C. J. 396,

8 R. C. L. 111, 112. It is not the purpose or end of government to incarcerate as many of its citizens as possible. Nor is expedition in the disposition of cases, while desirable, the only desirable end in view, notwithstanding the constant clamor in that regard, and is to be shunned if it leaves nothing but baneful effects in its wake and sweeps away the safeguards of proper individual liberty, upon which the permanency and value of our government must, in a large measure, depend. Hence, if the court had any serious doubt of the defendant's guilt, it would have been its duty to have permitted the plea of guilty to be withdrawn notwithstanding the fact that the defendant might thereby have escaped trial altogether. But that is not the question here. There is no claim that the court, in view of the solemn admission of guilt, and the circumstances herein, should have entertained serious doubt on that point. The error assigned here is predicated upon the claim that defendant was unduly and improperly influenced to enter his plea by his own counsel, or one of them, with the understanding above mentioned, and that this fact required the court to set the plea aside upon application. The fact that defendant's own counsel induce him to enter such plea does not, of course, necessarily deprive him of the right to withdraw the plea, for they might persuade him to plead guilty under circumstances that convince them that defendant can not obtain a fair trial. At the same time a difference exists in the very nature of things, when such inducement comes from that source instead of coming from the prosecuting attorney or other official, and ordinarily is caused by the belief that the defendant, if tried, will be convicted, and that he will in that event receive harsher treatment than if a plea of guilty is entered. And counsel might be especially prone to use persuasion, if concessions can be obtained, as in this instance, either from the counsel representing the state or from the court. We can see no special reason, however, in this case, why defendant's counsel did not give him sound advice. There is no sufficient

showing that he could not have obtained a fair trial. If there was prejudice against him in Converse County, an application could have been made to change the place of trial. And despite what is said by Mr. Dawson in his affidavit, as to his belief of the defendant's innocence, it is hardly credible that counsel would have advised the defendant to plead guilty, unless they were satisfied that the evidence against him was sufficient to convict him. In fact, it does not appear that Mr. Garst, who first seems to have suggested the plea of guilty, did not believe the defendant guilty. Furthermore, it is said that the plea of guilty must not be induced by "fear, by misrepresentation, by persuasion, by the holding out of false hopes, nor be made through inadvertence or by ignorance." 16 C. J. 401; 8 R. C. L. 111. No false hopes were held out to the defendant, nor were any misrepresentations made, for the arrangement agreed on was fully carried out. Nor does the record show that the plea of guilty was made through inadvertence or by ignorance. On the contrary, the record shows that the defendant had been on trial before. Several prosecutions had been brought against him, in all of which, except the case at bar, he evidently pleaded not guilty. In view of these facts, it can hardly be believed, and in fact no claim is made in any of the papers filed by him or his counsel, that defendant was not fully aware of his rights and the consequences of his plea, and this case, accordingly, is readily distinguishable from some of the cases to which our attention has been called by the present counsel of defendant. There is no pretense that the defendant was induced to enter his plea through fear, except, perhaps, the fear that naturally arises from a consciousness of guilt. And the persuasion exerted through his own counsel was in his interest. In other words, we seem to have the simple situation here that defendant, fully cognizant of his rights and of the consequences of his act, was induced, or partly induced, by his own counsel to plead guilty in the belief that he would thereupon receive milder treatment than otherwise

—namely, escape imprisonment so long as he stayed out of the state, and his situation seems, accordingly, to come within the spirit of the rule laid down in 16 C. J. 399, where it is said:

"So the mere fact that the defendant, knowing his rights, and the consequences of his act, hoped or believed, or was led by his counsel to hope or to believe, that by pleading guilty he would receive a shorter sentence or a milder punishment than that which would fall to his lot after trial and conviction by a jury, presents no ground for the exercise of the court's discretion."

See also People v. Menriquez, 188 Cal. 602, 206 Pac. 63, 20 A. L. R. 1441.

Nor, as already stated, was the hope of the defendant ill-founded, but was fully realized so long as the condition under which it was held out was not broken, and defendant's re-arrest was due solely to his own fault, and in strict accordance with, and to carry out, the understanding arrived at when he entered his plea.

■ Our attention is called to the rule laid down by some of the courts that the withdrawal of a plea of guilty should not be denied where it is evident that the ends of justice will be subserved by permitting not guilty to be pleaded in its place. 16 C. J. 398. We think the rule to be correct, but the ends of justice require the court to have regard both for the rights and duty of the state as well as for the rights of the defendant. When the application to withdraw the plea of guilty was made, two years and three months had passed by since the plea was entered, and the court was probably justified in believing that the duty of the state could not then be satisfactorily discharged, if discharged at all. It is a well known fact that when a criminal trial is delayed a great length of time, the witnesses become scattered, and the delay often results in a dismissal of the case for want of ability to then produce the necessary evidence.

To grant defendant's motion to change his plea of guilty after such lapse of time would mean, in the language of Terr. v. Cook, 7 N. Mex. 248, 33 Pac. 1022, where the time elapsed was a year, that "all advantages gained will be his." Hence the courts require that the application to withdraw the plea of guilty should be made promptly, at the earliest possible moment, or at least within a reasonable time after entry of the plea. 16 C. J. 396. In the case of Clark v. State, 57 N. J. L. 489, 31 Atl. 979, the court said:

"When an application is made in a criminal case to recall a plea of guilty and to plead *de novo*, it is a matter addressed to the discretion of the court. This has always been the doctrine prevailing from the earliest times in this state. Any other rule would be replete with mischief. By its force a defendant could plead guilty, and then, after the witnesses on the part of the state had been discharged, could come into court, and claim as a right to take back his confession and guilt, and put the state to its proof. Fortunately such is not the practice. When the defendant in this case asked to plead anew, the application was addressed to the discretion of the court."

In Hodge v. State, 29 Fla. 500, 10 So. 556, a motion to withdraw a plea of guilty was held to be properly denied when two years had elapsed and a new indictment was barred. In State v. Williams, 14 La. Ann. 1357, 14 So. 32, a motion to that effect was held too late, where, if granted, it operated as a continuance of the case. In State. v. Delahoussaye, 37 La. Ann. 551, such motion was held not in time after the jury had been discharged. And in State v. Cimini, 53 Wash. 268, 101 Pac. 991; United States v. Bayaud, 23 Fed. 721; Terr. v. Cook, supra, and State v. Stanley, 38 W. Va. 516, 18 S. E. 734, the courts held that where the state is prejudiced by reason of the delay, an application to withdraw the plea of guilty is properly denied.

The rule of promptness was not complied with in this case. Defendant's counsel say that he had no occasion, or need, to make the application until he was apprehended

and brought up for sentence. But why not? During two years and three months he kept silent, though he knew during all of that time, as well as he knew it afterwards, whether the plea of guilty had been forced from him. He knew that if he broke the condition under which he was released and came back into Wyoming, he would be re-arrested; and he knew that the only way in which he could avoid that was to go into court before that actually happened, and set forth the facts. To wait until he was actually apprehended and until he had actually broken the condition, was certainly hazardous in the extreme, did not bear the mark of good faith, and indicates that his later claim of innocence and that his plea of guilty was not voluntary was made mainly, or solely, because he had been forced to the wall.

In Joiner v. State, 94 Ark. 198, 126 S. W. 723, 724, there was a conditional promise of immunity, just as in the case at bar. The defendant had entered a plea of guilty for violating the liquor laws with the understanding that sentence would not be pronounced against him unless he should engage in the sale of intoxicating liquors without a license or otherwise violate the laws on that subject. The defendant was thereafter called for sentence, to which he objected, alleging that he had not broken the condition. The trial court heard evidence on that point, found that the condition had been broken, and passed sentence upon the defendant. While there was no application to withdraw the plea of guilty, the Supreme Court discusses that point, and what the trial court may do, when a condition upon which defendant is released is broken, and says among other things:

"The record made by the clerk at the time showed that the pleas of guilty were entered unconditionally. There is no statutory authority for a plea of guilty to be entered and received on any kind of condition, or for judgment to be suspended on condition; but the court may at any time before judgment permit a plea of guilty to be

withdrawn. Kirby's Dig. § 2296. Whether or not the plea could be withdrawn and a plea of not guilty substituted is a matter of discretion with the trial judge, and the exercise of that discretion will not be disturbed unless it clearly appears to have been abused. Greene v. State, supra. (88 Ark. 290, 114 S. W. 477.) If he had found that appellant's pleas of guilty were entered on conditions which had not been violated, it would have been the duty of the learned trial judge either to further postpone rendering judgment or permit appellant to withdraw his pleas of guilty; and, judging from his remarks at the time he rendered the judgments, this is the view of the matter which he doubtless entertained. He stated that, while the pleas of guilty were entered without condition, there was an implied understanding that the court, in the exercise of its discretion, would not render judgments thereon unless appellant subsequently violated the liquor laws, but that he was satisfied beyond doubt that appellant had again violated the law in that respect. We are of the opinion that the evidence justified the conclusion reached by the trial judge, that appellant had again violated the liquor law. At least, we are unable to say from the evidence in the record that there has been an abuse of discretion which would justify us in disturbing the finding of the lower court.''

Similar in effect are State v. Hoggard, 180 N. C. 678, 103 S. E. 891, and State v. Hardin, 183 N. C. 815, 112 S. E. 593.

In the case at bar, it is not disputed that the defendant violated the condition under which he was permitted to depart. And in view of what we have said, we are not prepared to say that the court abused its discretion herein, and its action, accordingly, must be affirmed. We are not passing upon the advisability or legality of imposing a condition on a defendant such as is involved here. These points have not been raised or discussed; nor, as already stated, does it appear whether the court was cognizant of the matter, and we are confining our decision to the point raised and argued herein.

*Affirmed.*

KIMBALL and RINER, JJ., concur.