IN RE: STATE EX REL. HOWARD EPLIN

(No. 10129)

Submitted February 1, 1949. Desided March 29, 1949.

*Larry W. Andrews,* for relator.

*Frank L. Taylor,* Prosecuting Attorney, and *Herbert W. Bryan,* Assistant Prosecuting Attorney, for respondent.

612

RILEY, JUDGE:

Relator, Howard Eplin, now incarcerated in the Kanawha County jail, invokes the original jurisdiction of this Court for a writ of habeas corpus ad subjiciendum directed to Robert Slack, jailer, charging him to show cause why relator should not be delivered up and discharged from respondent's custody, and praying in his petition, properly verified, that relator be granted bail, released from custody and given a stay of execution during the pendency of a writ of error to a judgment of conviction and sentence, entered by the Honorable John M. Charnock, special judge of the Intermediate Court of Kanawha County, to the Circuit Court of said county, and. if necessary for final determination, to this Court.

Relator was convicted and sentenced in the Municipal Court of Charleston, West Virginia on the charge of petit larceny on November 29, 1947 and perfected an appeal to the Intermediate Court of Kanawha County. At the January, 1948 term of the Intermediate Court, the Grand Jury returned two felony indictments, each charging relator with check forgery and designated in relator's petition respectively as "Indictment for a Felony No. 1" and "Indictment for a Felony No. 2". When arraigned on "Indictment for a Felony No. 1" on March 2, 1948, relator demurred to and moved to quash the indictment which demurrer and motion were overruled. Whereupon a jury trial was had at which the jury returned a verdict for relator, directed by the court, on relator's motion.

Relator's petition alleges that the petitioner's appeal in the petit larceny case and the "Indictment for a Felony No. 1" (evidently meaning "Indictment for a Felony No. 2") were continued until, on November 22, 1948, relator and his wife conferred with relator's then attorney, at which time relator understood that the prosecuting attorney had promised relator's attorney that, if relator would plead guilty to the petit larceny charge, the State would not prosecute the felony indictment, and when called to

the bar of the court, relator entered a plea of guilty but afterwards learned, through a local newspaper,. that he had pleaded guilty to the charge of attempted forgery, and the petit larceny charge had been dismissed.

Relator further represented in his petition that he is innocent of the offense of check forgery as charged in the indictment; that he has a just and adequate defense to that charge; and that he is ready and willing to defend against the charge and, if permitted to do so,. will be found not guilty.

It is further alleged in relator's petition that on December 31, 1948, during the same term of court at which he entered his plea of guilty, relator's attorney prepared a petition asking that the said special judge, John M. Charnock, grant leave to relator to withdraw his plea of guilty and enter a plea of not guilty, but the special judge was out of his office and relator's attorney was informed the special judge would not return until January 4, 1949; that on January 4, 1949 relator's petition for leave to withdraw the guilty plea was presented to the special judge who took it under advisement until January 10, 1949, the day set for the pronouncement of sentence on relator's plea of guilty.

From relator's petition it further appears that the special judge, John M. Charnock, was elected as such in the absence of the regular judge, Cyrus W. Hall, to serve during the September, 1948 term of the Intermediate Court, at which relator's plea of guilty was entered, which term ended in December, 1948. On January 10, 1949, the first day of the January, 1949 term of court and before judgment was entered on relator's plea, the regular judge appeared, assumed the bench and proceeded with the regular business of the court. When relator's attorney asked to be heard on relator's petition to withdraw the plea of guilty and enter a plea of not guilty, the regular judge left the bench and the special judge, John M. Charnock, assumed the bench. Relator's attorney then presented the

petition for leave to withdraw the plea of guilty which leave was refused by the special judge. Thereupon relator introduced evidence in open court bearing on the matter of the withdrawal of the plea and at the conclusion thereof moved the special judge that relator be permitted to withdraw his plea of guilty, which motion the special judge denied, and sentenced relator to confinement in the Kanawha County jail for twelve months. Likewise the special judge overruled relator's motion that execution be stayed, and that bail be granted, and ordered that relator be remanded to jail.

Relator says in his petition that he desires to be awarded a writ of habeas corpus with the sole purpose of obtaining bail in order that he may have an opportunity to obtain a writ of error in the Circuit Court to the special judge's ruling on relator's motion to withdraw his plea and, if necessary, to this Court. In the prayer of relator's petition, in addition to praying for a writ of habeas corpus ad subjiciendum directed to the respondent, Robert Slack, jailer, relator prays that he be granted bail, released from custody and given a stay of execution "during the pendency of his appeal or writ of error" from the order of the special judge as of January 10, 1949 to the Circuit Court of Kanawha County, and, if necessary, to this Court, and that an order be directed to the Circuit Court Clerk of Kanawha County that relator be released from jail upon condition that he enter into a good and sufficient bond to be approved by the court, and that a stay of execution be granted to relator.

The named respondent, jailer of Kanawha County, filed a return in which he "surrendered" the body of relator and alleged that relator, with leave of court, had pleaded guilty to attempted forgery; that on January 10, 1949 in the Intermediate Court, relator's motion to withdraw his plea of guilty to attempted forgery was overruled and relator was sentenced, as alleged in the petition, and is now confined to jail in respondent's custody. The return

states that relator's attorney had conferred with Herbert W. Richardson, an assistant prosecuting attorney of Kanawha County, and not with the prosecuting attorney, and that relator understood that the court would accept a plea of guilty to attempted forgery and was under no misapprehension that he was entering a plea of guilty to a charge of petit larceny. The return states that no motion was made to withdraw relator's guilty plea until after the September, 1948 term of court at which the plea was entered.

Finally the return alleges that if the special judge was not a *de jure* judge, he was a *de facto* judge at the time relator was sentenced, and further that relator under the law of the State of West Virginia, was not entitled to a writ of error to the judgment of the Intermediate Court, acting through the special judge, overruling relator's motion that he be permitted to withdraw his plea of guilty, and in sentencing relator to jail.

The jurisdiction of this Court, on an application for a writ of habeas corpus to grant bail is without question. In *Ex Parte Hill,* 51 W. Va. 536, pt. 1 syl., 41 S. E. 903, this Court held: "The Supreme Court of Appeals has jurisdiction to award a writ of *habeas corpus* having for its sole purpose the obtaining of bail in a felony case, and to grant bail upon it. Bail may be granted on mere motion in the circuit court under the statute."

Because the relator's plea of guilty to the felony charge was entered at the September, 1948 term of the Intermediate Court, and the order refusing relator's petition to withdraw his guilty plea, and sentencing relator was entered at the January, 1949 term of court, we do not have before us the effect of a final order of sentence after the expiration of the term at which it was entered. Here no final order of sentence had been entered at the time relator petitioned for the withdrawal of his plea of guilty. Therefore, the Intermediate Court of Kanawha County, as dis-

tinguished from its regular judge or special judge thereof, had the power to entertain the petition and, on proper showing, to permit the withdrawal of the plea of guilty.

That a trial court, having criminal jurisdiction, has the discretion to permit the withdrawal of a plea of guilty, upon proper showing, is well established in this and other jurisdictions. In every criminal case, it is the stern and unrelenting duty of the trial court to put every proper and available safeguard around an accused. And whether before, during the course of the trial, or until conviction and sentencing, the life and liberty of one accused of crime should be given the protective shield consonant with our system of justice, and that means proper arraignment and a trial and a hearing free from the abuse of judicial discretion, where a sound discretion resides in the trial court, or arbitrary judicial action. We adopt with approval the language of this Court in *State v. Hill,* 81 W. Va. 676, 679, 95 S. E. 21: "If the plea of guilty was received by the court without observance of the precautions and solemnities required by law, the court should have permitted the plea to be withdrawn. * * * He [defendant] was entitled to show what the facts surrounding him were when his plea was tendered and received." True, the *Hill* case was a capital case but it stands for the proposition that where proper showing is made a trial court in a criminal case has the sound discretion to permit an accused to withdraw a plea of guilty and enter a plea of not guilty. Of course, this Court cannot take away or interfere with such discretion, and before we can say that there has been an abuse of discretion of a trial court in the refusal to permit an accused to withdraw a plea of guilty "* * * it must appear", as this Court said in *State v. Stevenson,* 67 W. Va. 553, 68 S. E. 286, "that the plea was entered under some mistake, misapprehension, compulsion, or inducement, or circumstance, working injustice." The right of an accused in a criminal case to withdraw a plea of guilty and to plead not guilty is, under the well settled law in this jurisdiction, always addressed to the sound discretion of the trial court.

*State v. Shanley,* 38 W. Va. 516, 18 S. E. 734; *State v. Stevenson,* 67 W. Va. 553, 68 S. E. 286; *State v. Stevenson,* 64 W. Va. 392, 62 S. E. 688; *State v. Hill,* 81 W. Va. 676, 95 S. E. 21; *Browsky v. Perdue,* 105 W. Va. 527, 143 S. E. 304.

That a trial court in a criminal case, as distinguished from the regular judge, or a special judge thereof, is vested with a sound discretion on the question as to whether relator should have been permitted to withdraw his plea, is sustained by ample authority in other jurisdictions. In *Kercheval v. United States,* 274 U. S. 220, 224, 71 L. Ed. 1009, 1012, 47 S. Ct. 582, the Supreme Court of the United States said: "The court in the exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." In *Bergen v. United States,* 145 F. 2d 181, 187, Circuit Court of Appeals 8th Circuit, the Court observed: "* * * discretion [in the matter of the withdrawal of a plea of guilty] should be *exercised liberally,* * * * "* (Italics supplied.) In *Von Moltke v. Gillies,* 332 U. S. 708, 729, recently decided by the Supreme Court of the United States, Mr. Justice Frankfurter, in a concurring note on the question of an accused's right to withdraw a plea of guilty, said: "There must be both the capacity to make an understanding choice and an absence of subverting factors so that the choice is clearly free and responsible. If the choice is beclouded, whether by duress or by misleading advice, however honestly offered * * * a plea of guilty accepted without more than what this record discloses can hardly be called a refusal to put the inner feeling of innocence to the fair test of the law with intelligent awareness of consequences." See also *State v. Hovis,* 353 Mo. 602, 183 S. W. 2d 147, a case where the accused believed if he pleaded guilty he would get a parole. See also *Delno v. Market Street Railway Co.,* 124 F. 2d 965, Circuit Court of Appeals, 9th Circuit; *Ward v. United States,* 116 F. 2d 135, Circuit Court of Appeals, 9th Circuit; *Griffin v. State,* 12 Ga. App. 615, 77 S. E. 1087; and *Glasser v. United States,* 315 U. S. 60, 70, 86 L. Ed. 680, 62

S. Ct. 457, in which the Supreme Court of the United States said: "* * * we indulge every reasonable presumption against the waiver of fundamental rights."

So, we are of the opinion, that the Intermediate Court of Kanawha County had discretion in the granting or refusal of relator's petition for the withdrawal of his plea of guilty. But, whether that discretion was abused is not before us because relator's petition for the withdrawal of his plea was never presented to the Intermediate Court of Kanawha County and refused by that court. True, the petition was presented to and refused and an order of sentence entered by the Honorable John M. Charnock, the special judge elected at the prior term of the Intermediate Court, but Charnock was not elected to try relator's or any other particular case. His election was during the absence of the regular judge, at the September, 1948 term of court. When that term ended in December, 1948, his power as special judge ceased "except as to the matters of signing bills of exceptions in cases tried and finally determined by him." *State v. Stevenson,* 64 W. Va. 392, 397, 62 S. E. 688. When Charnock, purporting to act as special judge, proceeded to hear relator's petition, refused the same, and entered the order of sentence, he was without power to do so, and the order sentencing relator to confinement in the Kanawha County jail is void; but the entry of the plea of guilty, having been regularly made at the September, 1948 term of court stands intact for judicial action thereon by the entry of an order of sentence by the regular judge of the Intermediate Court or a newly elected special judge in the absence of the regular judge, or the entertainment and consideration of relator's petition for the withdrawal of his plea of guilty and the court's further action thereon, if such petition is presented, which action, as we have heretofore indicated, calls for the exercise of sound discretion.

*State v. Carter,* 49 W. Va. 709, 39 S. E. 611, is cited to the effect that Judge Charnock, though his *de jure* power as a special judge, except for a limited purpose, ceased

at the expiration of the September, 1948 term of court, was a *de facto* judge for the purpose of hearing relator's petition, and for all other purposes. That case, in our opinion, does not sustain respondent's position. In the opinion at page 711, this Court said: "The appearance of the regular judge would vacate the office of the special [judge] without an order to that effect and if he was again absent on another day a new election for a special judge would be necessary." In that case this court held that after the appearance of the regular judge, the person theretofore elected, as a special judge, was neither a *de jure* nor a *de facto* judge when, in the absence of the regular judge on a subsequent day another special judge was elected. This record discloses that on January 10, 1949, the first day of the January, 1949 term of court, the regular judge was present, opened court, and was present in the court room during the course of the proceeding including the entry of the order of sentence of which relator complains in his petition here. Surely, while a *de jure* judge is present and able to carry out his *de jure* duties, there cannot also be a *de facto* judge of the same court. The same mantle of authority cannot at the same time rest on the shoulders of two persons.

The instant application to this Court, as relator's petition shows, was solely for the purpose of obtaining bail. That we have such power in a proceeding in habeas corpus is clear under *Ex Parte Hill, supra,* Code, 62-1-6, provides that, for good cause shown, bail may be granted by this Court or any circuit or criminal court, before conviction, or after conviction, except a conviction for offenses where the penalty is confinement in the penitentiary for life, or death. If the petition for the withdrawal of the plea had been addressed to a duly qualified special judge or the regular judge of the Intermediate Court and refused, through an abuse of judicial discretion, a writ of error would properly lie to the Circuit Court of Kanawha County. *State v. Hill, supra;* the two cases of *State v. Stevenson, supra; State v. Shanley, supra; Browsky v. Perdue, supra.*

We think that relator should be permitted to give bail for his appearance at the first day of the next regular term of the Intermediate Court of Kanawha County, on which day he may present his petition that he be permitted to withdraw his plea of guilty and to plead not guilty to the regular Judge of the Intermediate Court of Kanawha County, or in his absence to a special judge, duly elected according to law. We, therefore, order that the relator, Howard Eplin, is entitled to be permitted to give bail as aforesaid in the sum of $1,000.00 with good security to be approved by the Clerk of the Intermediate Court of Kanawha County, and conditioned according to law.

*Application for bail granted.*