# CHARLESTON.

## STATE V. HILL.

Submitted January 29, 1918.    Decided February 5, 1918.

1. CRIMINAL LAW—*Plea of Guilty—Acceptance.*

    A plea of guilty of a capital crime should be accepted cautiously and not until the court has warned the prisoner and been satisfied that he has acted freely and deliberately after being so admonished and with full knowledge, appreciation, and understanding of the nature and consequences of his confession. (p. 678).

2. SAME—*Plea of Guilty—Acceptance—Presumption.*

    If the facts and circumstances attending the reception and recordation of such plea do not affirmatively appear from the record it will be presumed that the trial court discharged its full duty in the premises. (p. 678).

3. SAME—*Plea of Guilty—Withdrawal of Not Guilty.*

    If the trial court has not on receiving and recording a plea of guilty of a capital offense so admonished the accused, and after doing so been satisfied that the same has been made freely and deliberately and with full appreciation and understanding of the consequences of his confession, or if it is subsequently shown on motion of the accused before judgment that he was misled or deceived and did not act freely and understandingly in making his confession, unless some good reason is shown for not doing so, the court should permit such plea to be withdrawn and the plea of not guilty to be interposed and put the prisoner upon his trial thereon. (p. 679).

4. SAME—*Discretion of Court—Denial of Motion to Withdraw Plea of Guilty—Presumption.*

    But unless the record shows the fact to be otherwise this court will presume that the trial court discharged its full duty and did not abuse its judicial discretion in denying the prisoner's motion to withdraw his plea of guilty and substitute a plea of not guilty, and pronouncing judgment against him. (p. 679).

Error to Circuit Court, Cabell County.

John, alias "Gigger," Hill pleaded guilty as principal to murder in the first degree, and sentence was deferred, and, from the overruling of his motion for leave to withdraw or set aside his plea of guilty and to plead not guilty, he brings error.

*Affirmed.*

*W. W. Higgins,* for plaintiff in error.

*E. T. England,* Attorney General, and *Henry A. Nolte,* Assistant Attorney General, for the State.

MILLER, JUDGE:

The several assignments of error substantially present but two questions: First, whether the trial court rightfully received the prisoner's plea of guilty of murder in the first degree; Second, whether the court erred in denying defendant's motion for leave to withdraw his plea of guilty and to plead not guilty, and pronouncing the judgment of death against him.

Defendant was indicted as principal in the first degree along with George Martin, alias Red Martin, and Emory Harmon, as accessories before the fact for the murder of George Church on September 23, 1916. The indictment was returned at the June term, 1917, and the record shows that on June 25, following, the defendant Hill was arraigned and appearing in person and by counsel entered his plea of guilty of murder in the first degree as charged in the indictment, and that thereupon at the request of counsel sentence was deferred to a future date, and the prisoner remanded to jail.

The record is silent as to the facts and circumstances attending the reception of said plea by the court, and as to whether the same was made by the prisoner freely and with full and perfect knowledge of the nature and consequences thereof, and under the deep solemnities which is usual and which should always attend the reception of such plea, fraught as it is with such grave consequences to the accused. It was suggested by counsel for defendant in the argument here that the prisoner had been induced or misled into the confession by promises of clemency on the part of the judge, but nothing of that kind appears from the record. It does appear, however, that on June 28, 1917, three days after his plea was received and recorded, when again brought into court, he immediately and before the judgment and sentence of death was pronounced against him moved the court for leave to withdraw or set aside his plea of guilty, and to plead not guilty, and for a trial by the jury thereon, which was

overruled, and the bill of exception to this ruling of the court, signed, sealed and made a part of the record, shows that on this motion no evidence was heard either in support of or against the same. Nor does it appear from the record that before pronouncing judgment of death against the defendant the court took any evidence in the presence of the prisoner to advise it of the facts and circumstances attending the crime, so as to be advised as to what judgment should be pronounced on the plea, whether death or confinement in the penitentiary, as provided by statute.

On the first question, it was ancient law and is also settled by modern decisions, and in some states by statute, that a court should never in cases of capital crimes accept a plea of guilty without exercising caution and being satisfied by evidence that the confession is made by the accused freely and deliberately, and with full and perfect knowledge of the nature and consequences of the confession; otherwise the plea should not be received. It is the constitutional right of every one accused of crime to be tried by a jury of the country, and though this is a right which he may waive, he is not bound by his confession, except when it has been done deliberately and under the deepest solemnities. 1 Greenleaf on Evidence, section 216; 2 Hale's P. C. 225; 2 Hawkins' P. C. 466; 1 Chitty Cr. L. (1847) 428; 2 Bishop New Cr. Proc. (2nd ed.) section 795, page 619; *Com.* v. *Battis,* 1 Mass. 95; *Green* v. *Com.,* 94 Mass. (12 Allen) 155; *State* v. *Johnson,* (Okla.) 22 L. R. A. (N. S.) 463.

In the Oklahoma case cited, and in the note thereto, practically all the cases on this subject are reviewed, and it will be observed from the Michigan and Texas cases referred to that the statutes of those states require the defendant to be admonished by the court of the gravity and consequences of his admission, and to be satisfied that he was sane and uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon; and when such facts do not appear a plea of guilty is invalid.

We have no such statute; and the Oklahoma court says in the Johnson case: "We have no such statute to control the discretion of the courts in this state, but the authorities above

cited are sufficient to indicate the policy of the law in the absence of such direct requirements." And so we say that no court of this state in a capital case ought to accept a plea of guilty from the defendant until he has been warned, and cautioned of the grave consequences of his act, and been fully satisfied that he understands and appreciates the same, and that his plea is freely and understandingly proffered. But must the record of the court be made to show affirmatively that these rules of procedure have been complied with, before receiving and recording a plea of guilty? We have no statute requiring it. Our judgment is that the trial court should not be burdened with the duty of making such preliminary proceedings a part of the record. We must assume that what ought to have been done has in fact been done, and with respect to receiving such plea, that the court has done its duty in the premises.

On the second question, whether the court erred in denying the prisoner's motion to withdraw his plea and pronouncing the death penalty thereon, we have decided in conformity with the general rule that such motion is addressed to the sound discretion of the court, subject to review for any abuse thereof. *State* v. *Stevenson,* 64 W. Va. 392. And in early times it was said by Blackstone that courts were usually backward in receiving and recording such confessions out of tenderness to the life of the subject, and would generally advise the prisoner to retract it and plead to the indictment. 2 Cooley's Blackstone, Book IV, page 329. If the plea of guilty was received by the court without observance of the precautions and solemnities required by law, the court should have permitted the plea to be withdrawn. And the prisoner was also entitled to offer other evidence on his motion. He was entitled to show what the facts surrounding him were when his plea was tendered and received. Whether he offered such evidence the record does not show, but the bill of exceptions does recite that no evidence was heard in support of or against the motion. In the absence of a showing to the contrary we must assume that the trial court did its duty in receiving and recording the plea, and in overruling the motion to withdraw the same. 12 Cyc. 350; *State* v. *Shanley,* 38 W.

Va. 516; *Phillips* v. *People,* 55 Ill. 429; *Pattee* v. *State,* 109 Ind. 545.

On the other phase of the question, the record is silent as to whether the court proceeded without evidence other than the bare plea of guilty to pronounce sentence of death upon the prisoner. Section 19, chapter 159, Barnes' Code, devolves the duty upon the court of determining which of the two possible judgments, death or imprisonment for life, ought to be pronounced. The statute says the judgment shall be the one or the other "as may seem right." How is the court to determine this question of right? When the jury tries the case and fixes the punishment as provided by said statute, they are possessed of all the facts and circumstances of the crime; when the plea of guilty is accepted by the court, the court has nothing except the bare plea to determine the right, unless evidence is taken to further advise it in relation to the facts and circumstances of the offense. *State* v. *Stevenson, supra.* In Ohio there is a statute requiring the court to examine the witnesses to determine the degree of the crime, and pronounce sentence accordingly. *Craig* v. *State of Ohio,* 16 L. R. A. 358. It was suggested in argument that the court had or may have had before it the evidence produced in the trial of George or Red Martin, an accomplice; but it is conceded that though printed in the record, that evidence is no part of the record in this case, and besides it was taken in the absence of Hill, the defendant, and we have held that a judgment based on or influenced by such evidence is erroneous. *State* v. *Stevenson, supra.*

We have a feeling of regret that all the facts and circumstances attending the reception of defendant's plea of guilty were not brought up by the record. And if any evidence other than those facts and circumstances was offered on the motion to withdraw the plea of guilty the accused should also have protected himself by a bill of exceptions certifying all such evidence. As the record is presented with nothing to show error therein, we can do nothing but affirm the judgment.

*Affirmed.*