The record in this case shows information was filed against the defendant in the county of Hettinger charging him with the crime of embezzlement. Upon his arraignment the defendant entered a plea of not guilty and thereafter filed his affidavit of prejudice against the presiding judge, Honorable F.T. Lembke, coupled with an affidavit for change of venue, and the place of trial was changed from the county of Hettinger to the county of Grant. The Honorable T.H. Pugh was requested to preside at the trial of this case. All of these proceedings took place on the 9th day of February 1926. On the 22d day of June, 1926, the case came on for trial before Judge Pugh in the county of Grant and at that time the defendant in open court withdrew his plea of not guilty and entered his plea of guilty of the crime charged in the information. The defendant at that time was represented by competent counsel and the counsel stated to the court the desire of the defendant. The court thereupon made inquiry of the defendant himself personally as to this procedure and the defendant stated that such was his desire and on inquiry as to the plea he then desired to enter stated that he was guilty. Thereafter the defendant asked that the passing of sentence be postponed in his case until the 8th day of October, 1926. The state consented thereto. Said date was fixed as the day for passing of sentence. On the day set the defendant appeared *Page 873 
with his counsel and again asked for further postponement of the passing of sentence until the 15th day of October, 1926. There was some hesitancy on the part of the state to agree to this, apparently owing to the fact that the presiding judge had his schedule of terms arranged and it was a question whether Judge Pugh could be in the county of Grant on that day. Whereupon the defendant entered into the following written agreement and stipulation signed by himself: "Whereas, I the undersigned, have been convicted of the crime of embezzlement in the district court of Grant county, North Dakota, upon a plea of guilty of the crime charged in the information at a regular term of said court held in said county in the month of June, 1926, and whereas, the imposing of sentence thereon was postponed until October 8th, 1926, at two o'clock P.M. at Carson, North Dakota, and whereas, I, the undersigned, appeared before the court at Carson on said date, and made application for further postponement of sentence.
"Therefore, I, the undersigned, the above named defendant, do hereby consent and stipulate, that any judge of the sixth judicial district may enter judgment and impose sentence upon me for the aforesaid crime at any place within the sixth judicial district of the state of North Dakota, and at any time fixed by the Honorable Thomas H. Pugh, judge of the district court now presiding, or any other judge of the sixth judicial district; and I do hereby expressly waive all irregularities or defects and objections of every kind and character.
"I further agree to defray all of the expenses of the attendance of the clerk of court of Grant county.
"Dated at Carson, Grant county, North Dakota, this 8th day of October, 1926," and upon said stipulation the passing of sentence was again deferred.
Judge Pugh sent the matter to the district court of Hettinger county then being presided over by Judge Lembke. On the date set the defendant appeared and objected to Judge Lembke passing sentence in the case on the ground of the previous affidavit of prejudice filed against him, and alleged that the said judge "was and is divested of all jurisdiction and authority over the person of the said defendant and of the subject matter of this action." And further, "that the said Honorable F.T. Lembke . . . has no jurisdiction and on authority to proceed with the said case." Judge Lembke sustained this objection, agreeing *Page 874 
with the defendant and the Sheriff returned the defendant to Judge Pugh in the county of Morton. When the defendant accordingly appeared before Judge Pugh in the county of Morton, he, at that time, asked leave to withdraw his plea of guilty heretofore entered and to enter a plea of not guilty basing the same upon his affidavit to the effect that at the time he was under arrest he was engaged in mining operations in Montana which operations required his immediate attention and that when he withdrew his plea of not guilty and entered his plea of guilty there was an understanding and agreement between him and the state's attorney that if the defendant would plead guilty to this charge and on another charge then pending and would make good the losses charged against him the proceedings would be dropped; that relying thereon he entered his plea of guilty. He further swears that he is not guilty of the crime charged, that he has a good and meritorious defense to any charges against him. This affidavit is controverted by the affidavit of Mr. John F. Sullivan, special assistant attorney general in the case. The court heard all of the affidavits and refused to grant the request of the defendant and proceeded to pass sentence. The defendant thereupon was sentenced, judgment entered against him and from this the defendant appeals.
The defendant presents three contentions in his arguments; first, that the court erred in not permitting his change of plea in order to give him a trial; second, that Judge Pugh, because of having sent the case to Judge Lembke in October 1926, was divested of any further power and authority in the matter and therefore had no right or authority to pass judgment upon the defendant; and, third, that the information filed does not state facts sufficient to constitute a public offense.
We are of the opinion that the court did not err in refusing to permit the defendant to change his plea. During all of the proceedings the defendant has been represented by able counsel. He is a man of experience and judgment himself. When first arraigned he entered a plea of not guilty. Upon due deliberation he thereafter changed such plea to a plea of guilty and was granted an extension of time for appearance for judgment and sentence. All of the facts which he sets forth in his affidavit as grounds for permission to change his plea were well known to him at the time he appeared before the court on the 8th *Page 875 
day of October for sentence and at the time when he entered into the stipulation which we have set forth. There was no claim at that time of innocence nor of any agreement between him and the state. In fact it is evident the stipulation was made and signed by him to overcome the hesitancy of the State to agree to further postpone it. It is only after the case was sent to Judge Lembke and the question of Judge Lembke's authority arose that the question of innocence was raised. The defendant cannot be permitted to play fast and loose with the law. He was treated with courtesy and forbearance and it was only when an apparent conflict of authority arose that this matter of desire for an immediate trial took concrete form.
A plea of guilty is as much a conviction as is a verdict of guilty by a jury — in fact, if anything, it should be entitled to greater weight. It is a solemn statement of the defendant himself with full knowledge of all the facts; a knowledge which is peculiarly his own. No one else is in better position to know the facts. This court would not reverse a conviction without the defendant showing reversible error. The defendant is convicted on a plea of guilty and it must require more than a change of opinion on the part of the defendant to reverse the conviction. That a plea of guilty is a conviction see Wilmoth v. Hensel,151 Pa. 200, 31 Am. St. Rep. 738, 25 A. 86.
In the case State v. Hill, 81 W. Va. 676, 6 A.L.R. 687, 95 S.E. 21, the court goes fully into this subject and says "a plea of guilty of a capital offense should be received cautiously and only when the court has warned the prisoner and been satisfied that he is acting freely and deliberately after being so admonished and with full knowledge, appreciation and understanding of the nature and consequences of his confession."
In the case cited the defendant had pleaded guilty to murder in the first degree and was sentenced to be hanged yet the court adds "but unless the record shows the fact to be otherwise this court will presume that the trial court discharged its full duty and did not abuse its judicial discretion in denying the prisoner's motion to withdraw his plea of guilty and enter a plea of not guilty before pronouncing judgment against him."
The decisions of our own court are in harmony with his rule. In the case of State v. Layer, 48 N.D. 366, 184 N.W. 666, the defendant *Page 876 
had entered a plea of guilty of murder and was sentenced to life imprisonment. Thereafter he applied to the district court for leave to withdraw his plea alleging that his plea of guilty was procured by duress, coercion, intimidation and fear. When this motion was denied he applied to this court and the decision of the lower court was sustained. In the case at bar there is no claim of coercion or misrepresentation. The defendant, himself, admits his plea was part of his agreement. In the case of State v. Throndson, 49 N.D. 348, 191 N.W. 628, this court again passed on the question of the withdrawal of the plea. In the case cited the defendant was sentenced to life imprisonment for murder and thereafter moved the district court for leave to withdraw his plea and have a trial on the merits. When his motion was denied he applied to this court. His claim was that he had had no counsel, that undue advantage had been taken of him by the State, and that he was advised and coerced into entering a plea of guilty. After examining the record this court denied his motion. Hence we see no reason for holding in the case at bar that the district court erred in its refusal to permit the withdrawal of the plea.
We do not believe that Judge Pugh was in error in assuming jurisdiction and passing sentence upon the defendant. Without discussing the question of transfer of authority to Judge Lembke and retransfer to Judge Pugh it is sufficient to show that before Judge Pugh passed sentence upon the defendant, the defendant invoked the jurisdiction of the court and had asked leave to withdraw his plea and enter his plea of not guilty. Judge Pugh was one of the judges of that district court, he was there presiding; the defendant invoked the power and authority of the court and cannot now be heard to object to the authority which he himself invoked.
The third point raised is as to the sufficiency of the information. No demurrer was interposed to the information and this attack is in effect a motion in arrest of judgment. The information, omitting any formal parts is as follows: "that between and including the 18th day of February 1925, and the 10th day of March 1925, at and in the county of Hettinger and state aforesaid, did commit the crime of embezzlement, committed in the manner following, to wit: That at and between said times and at said place the said defendant, John J. Hastings, was an officer, director, trustee, clerk, servant and agent of the New England State Bank, a private corporation, incorporated under the laws of *Page 877 
the state of North Dakota, and situated and doing a business at New England, North Dakota; and that at and between said dates and at said place, and while the said defendant did occupy said position with said bank as aforementioned, and while acting in such capacity as aforementioned, said defendant, John J. Hastings, did willfully, unlawfully, feloniously and fraudulently appropriate to his own and to a use and purpose not in the due and lawful execution of the trust or his trust, property of said bank, to wit, $13,400, which he had then and there in his possession and under his control, and under and by virtue of his said trust."
It will be observed that this information is drafted with the provisions of § 9931 of the Code in view. At the time of arraignment no demurrer was interposed, and no attack was made on the information until the time of sentence. The attack is made the first time in this court. We therefore construe the allegations of the information most favorably toward the pleader. An examination of the information shows that it complies substantially with the requirements of the statute, and contains the necessary allegations. Considerable stress is laid upon the description of the property said to be embezzled. The information says the defendant "did feloniously and fraudulently appropriate to his own and to a use and purpose not in the due and lawful execution of his duties, property of said bank, to wit, $13,400." It is claimed that it does not say this $13,400 is lawful money of the United States. The term $13,400 cannot have been misunderstood. The defendant could not have been misled, nor does he claim to have been misled by this description. He is charged with embezzling "property of said bank." It is true it does not say "worth and of the value of $13,400" but it does say the property was $13,400. Any man of ordinary intelligence would well understand this was not Canadian or Mexican dollars nor silver or paper dollars. The pleader is not required to so define and explain every term with precision and nicety so as to prevent any possible variation in understanding. This would be an impossibility. We are of the opinion the information is not vulnerable to attack at this time.
The judgment of the lower court is affirmed.
CHRISTIANSON, Ch. J., and NUESSLE and BIRDZELL, JJ., and COFFEY, Dist. J., concur. *Page 878