**Wayne Stewart BREWER, Petitioner,**

v.

**Otto C. BOLES, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 751–E.**

United States District Court
N. D. West Virginia.

Jan. 4, 1967.

No attorney for petitioner.

C. Donald Robertson, Charleston, W. Va., Atty. Gen. of West Virginia, for respondent.

MAXWELL, Chief Judge.

Petitioner, Wayne Stewart Brewer, is now serving an indeterminate sentence of not less than one nor more than ten years in the West Virginia Penitentiary upon his conviction in 1962 for breaking and entering. His sole claim for habeas corpus relief is that he was denied due process and equal protection of the laws in that, after he was discharged from parole, that discharge was cancelled and his parole later revoked.

Brewer included with his petition a copy of the memorandum opinion of the Supreme Court of Appeals of West Virginia, filed September 27, 1966, which rejected this very claim. That opinion sets out in revealing detail precisely why Brewer's discharge from parole was cancelled and why his parole was later revoked.

After being released on parole in West Virginia on March 1, 1963, Petitioner was put under the supervision of the Maryland Department of Parole and Probation in accordance with an Out-of-State Parole Agreement. On December 3, 1964, Brewer was sentenced by the Southern Municipal Court in Baltimore, Maryland, to three years for assault and stabbing. Before learning of this Maryland conviction and sentencing, which, in fact, constituted a violation of parole conditions, West Virginia Code, Chapter 62,

Article 12, Section 17(1) (Michie's ed. 1966), the West Virginia parole authorities issued an Official Certificate of Discharge on December 21, 1964. This discharge was sent not to the Petitioner, but to the Maryland parole authorities. The Maryland parole authorities immediately apprised the West Virginia Board of Brewer's incarceration, and on January 16, 1965, the discharge was cancelled. Having filed a detainer with the Maryland House of Correction, the West Virginia Board returned Brewer to this state where a parole violation hearing was held leading to the revocation of his parole on November 6, 1965.

Implicit in Petitioner's claim is the contention that the discharge from parole issued on December 21, 1964, was final and not revocable. However, this Court's review of the West Virginia statutes governing parole produced no inclination to support this belief.

In the absence of any specific statutory prohibition against the cancellation of a parole discharge, this Court is guided by the following language of the United States Court of Appeals for the Fourth Circuit in Jones v. Rivers, 338 F.2d 862, 874 (1964):

> Due process of law varies widely with circumstances. It is one thing in a prosecution for crime, it is another in administering the parole system. The Board of Parole must obey applicable legislation but otherwise it is only required to perform its functions fairly, under fair procedures. It may not act unreasonably, capriciously or arbitrarily. Freedom, on parole from confinement in a penal institution prior to serving all of an imposed sentence, is a matter of legislative grace— it is a neither constitutionally guaranteed nor a God-given right.

This Court finds no evidence of arbitrary behavior here on the part of the West Virginia Board of Probation and Parole. On the contrary, having discovered, subsequent to the issuance of the discharge order, that Brewer had violated a condition of parole, the West Virginia Board acted quite properly in cancelling the discharge. Petitioner, by his misconduct during his parole period, did not in fact merit the discharge.

Accordingly, the Court now directs that an order be entered filing and dismissing the petition.