DENZIL JACKSON RILEY

*v.*

JUDGE ROBERT B. ZIEGLER, *etc., et al.*

(No. 14033)

Decided March 7, 1978.

*Anne R. Williams* for relator.

*Chauncey H. Browning,* Attorney General, *Richard L. Gottlieb,* Assistant Attorney General, for respondents.

McGRAW, JUSTICE:

Petitioner was indicted by a Harrison County grand jury and charged with the violation of W.Va. Code § 61-3-12. The indictment arising out of a single incident was drawn in the two alternative counts of breaking and entering in the nighttime and breaking and entering in the daytime.[1] Petitioner pleaded guilty to the felony offense of breaking and entering and was sentenced for not less than one year nor more than ten years, the statutory penalty for the offense of breaking and entering. He later filed a petition *pro se* for a writ of mandamus with this Court, and we granted his inartfully styled request,[2] issued a writ of habeas corpus *ad subjiciendum,* and appointed counsel.

Petitioner now attacks the validity of the guilty plea upon which his conviction rests on the ground that he

---

[1] W.Va. Code § 61-3-12 does not distinguish between breaking and entering in the day and night, but covers the commission of such offense "at any time."

[2] There are a host of cases in this jurisdiction which hold that the sufficiency of a petition is to be determined by its substance and general character without regard to its name or form. *E.g., Fidelity Trust Co. v. Davis Trust Co.,* 74 W.Va. 763, 83 S.E. 59 (1914); *Low v. Settle,* 22 W.Va. 387 (1883).

was denied due process of law because his guilty plea was not voluntarily or knowingly made. He contends that the plea was not voluntarily and knowingly made because (1) the court failed to explain to him in language he could understand the nature of the offense of breaking and entering, and (2) the trial court failed to explain clearly the maximum penalty that could conceivably be imposed.

We hold that the trial judge below failed to affirmatively show on the record that the defendant understood the nature of the charge and the consequences of the plea. We base this holding specifically on what could reasonably be construed as a misleading explanation given by the trial court respecting the maximum possible penalty provided by law for the charge to which he pleaded guilty.

For many years it has been the law of this jurisdiction that, prior to receiving a plea of guilty, the court should see that it is freely and voluntarily made by a person of competent intelligence with a full understanding of its nature and effect. Syl. pt. 3, *Call v. McKenzie,* ____ W.Va. ____, 220 S.E.2d 665 (1975); *State ex rel. Clancy v. Coiner,* 154 W.Va. 857, 179 S.E.2d 726 (1971); *State v. Boles,* 147 W.Va. 26, 124 S.E.2d 697 (1962); *State v. Stone,* 101 W.Va. 53, 131 S.E. 872 (1926); syl. pt. 1 *State v. Hill,* 81 W.Va. 676, 95 S.E. 21 (1918); syl. pt. 3, *Nicely v. Butcher,* 81 W. Va. 247, 94 S.E. 147 (1917). Since a plea of guilty is actually the defendant's consent that judgment and conviction be entered without trial, the courts have required that it be a voluntary, knowing, intelligent act done "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748, 90 S. Ct. 1463, 1469, 25 L. Ed.2d 747, 756 (1970). And, as a result of *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed.2d 274 and dicta in *Call v. McKenzie,* ____ W. Va. ____, 220 S.E.2d 665 (1975), the record must affirmatively show that the plea was intelligently and voluntarily made with an awareness of

the nature of the charge to which the plea is offered and the consequences of the plea.[3]

This Court sought in *Call* to assist the trial courts in pursuit of this goal by setting forth suggested questions that the court should ask the defendant. The colloquy between the court and the defendant herein is to be considered in light of that case. We detect several problems in the below-quoted colloquy that a meticulous following of *Call* could have prevented.[4] *Call* suggests that it is not sufficient for the trial court to explain the formal charges in legal terminology alone, but should use language a lay defendant can understand. It is recommended that the defendant be interrogated as to the

---

[3] As a result, it is safe to say that syllabus point 2 of *State v. Hill*, 81 W. Va. 676, 95 S.E. 21 (1918) is not the law since *Boykin* became applicable. That syllabus point provides that "If the facts and circumstances attending the reception and recordation of such plea do not affirmatively appear from the record it will be presumed that the trial court discharged its full duty in the premises."

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) holds that due process requires that the record affirmatively show on its face that the guilty plea was intelligently and voluntarily entered by the defendant.

Below, in part, is the colloquy that transpired before the entry of the plea of guilty:

The Court: Tell me, do you know what is the statutory prescribed penalty for breaking and entering, as charged in this indictment?

Mr. Riley: One to ten in Moundsville.

The Court: This indictment also charges the crime of what is known as grand larceny, the theft of personal property valued in excess of $50.00. Have you been advised of the statutory prescribed penalty for that charge?

Mr. Riley: Yes.

The Court: What is it?

Mr. Riley: One to ten.

The Court: You have three one-to-ten charges facing you in this indictment. You understand that?

Mr. Riley: Yes.

The Court: The Court will ask you: What is your plea to the charges contained in this particular indictment, guilty or not guilty?

Mr. Riley. Guilty.

circumstances under which he received a copy of the indictment and as to his opportunity to read and understand it. When asking about the defendant's understanding of the charges and the maximum penalty they might bring, the defendant should recite to the court exactly what crime to which he is pleading and what the maximum penalty could be. *Call* cautioned that "yes" and "no" answers should be avoided throughout the interrogation. The attorney should be interrogated with regard to the extent he had advised his client, and the client should be required to recite on the record what conferences he had had with his attorney and whether he had been advised by his attorney concerning the constitutional rights he is preparing to waive. And recently, the court restated the longstanding rule that the defendant must be informed of the elements of the offense charged against him. *Henderson v. Morgan*, 426 U.S. 637, 96 S. Ct. 2253, 49 L. Ed. 2d 108 (1976); *Thomas v. Leverette*, ____ W. Va. ____, 239 S.E.2d 500 (1977).

But the most troublesome inadequacy alleged by the petitioner is the one upon which our holding in this case is based:

> [T]he trial court failed to explain why an indictment for the charge of breaking and entering is drawn in two separate counts; failed to explain that an additional charge of grand larceny was incorporated in each count of the indictment; failed to explain the relationship between the charges of grand larceny and breaking and entering. . . .

A critical error was committed by the trial court when it asked the petitioner the following misleading and potentially coercive question at the plea-voluntariness hearing: "You have three one-to-ten charges facing you in this indictment. You understand that?" The court failed to advise that a conviction for the crime of breaking and entering in the daytime precluded a conviction for the crime of breaking and entering in the nighttime, and vice versa, and that even though both counts charged breaking and entering, a verdict of guilty could

only be found for breaking and entering or for grand larceny but not for both.

Although petitioner responded "yes" to this question, we are not totally convinced *by the record* that he knew the real nature of the charges and consequences of the guilty plea offered. A lay defendant with a tenth grade education might have incorrectly concluded that "three one-to-ten charges" could result in a maximum three-to-thirty year sentence upon a conviction by jury. Or he might have thought he faced the possibility of conviction on all three counts resulting in three concurrent one-to-ten sentences. As a result of this unclarified advice and question from the trial court, the record fails to affirmatively establish that the guilty plea was knowingly, intelligently, and voluntarily made with knowledge of the nature of the charge and the consequences of the guilty plea offered. When a trial court explains to a defendant the maximum possible sentence provided by law, such explanation must be accurate and not confusing, misleading or coercive. If, as in the case at bar, the record reveals that an inaccurate or incomplete explanation is given, then the trial judge has failed in his duty to affirmatively show that the plea was intelligent and voluntary.

The petitioner's plea of guilty, conviction, and sentence are hereby voided and set aside. The petitioner is to be remanded to the custody of the Sheriff of Harrison County, West Virginia, and is to be afforded an opportunity for rearraignment.

*Writ awarded.*