530 S.E.2d 460

STATE of West Virginia ex rel.
Arthur S. GILL, Petitioner,

v.

Honorable Robert A. IRONS, Judge of
the Circuit Court of Summers
County, Respondent.

No. 26854.

Supreme Court of Appeals of
West Virginia.

Submitted Feb. 15, 2000.

Decided May 5, 2000.

Arthur S. Gill, Mount Olive Correctional Complex, Mount Olive, West Virginia, Pro se.

Michael Turner, Esq., Prosecuting Attorney of Summers County, Hinton, West Virginia, Attorney for Respondent.

PER CURIAM:

The petitioner, Arthur Gill ("Gill"), has petitioned this Court for a writ of prohibition seeking to prohibit the enforcement of an order of the Circuit Court of Summers County dated April 17, 1997. Gill pled guilty to charges of malicious assault upon a police officer, wanton endangerment, and two counts of attempted murder. By order dated April 17, 1997, Gill was sentenced to 10 to 30 years for these crimes. Gill requests that the circuit court be ordered to reduce his sentence to reflect a minimum sentence of 6 years, not 10 years.

## I.

Gill was indicted by the Grand Jury of Summers County for five counts of malicious assault upon a police officer, one count of wanton endangerment involving a firearm, and two counts of attempted murder. Gill was offered a plea agreement by the prosecutor wherein if he pled guilty to one count of malicious assault on a police officer, pled guilty to wanton endangerment involving a firearm,[1] and pled guilty to the two counts of attempted murder, the remaining charges would be dismissed. The prosecutor reserved the right to comment on all sentencing matters and recommended to the circuit court that Gill be sentenced to consecutive sentences for each of the charges.

At a plea hearing conducted on March 24, 1997, the plea agreement between the prosecutor and Gill was read to the presiding circuit court judge. After the plea agreement had been read, the judge inquired of Gill if the plea agreement as read by the prosecutor was his agreement and whether he understood it. Gill stated that it was the plea agreement reached between himself and the prosecutor. Following Gill's affirmation, the judge went into a lengthy examination of Gill pursuant to Rule 11 of the *West Virginia Rules of Criminal Procedure.*[2]

The judge went over every count to which Gill would be pleading guilty, the rights that Gill would be waiving by entering a plea of guilty, and the possible terms of confinement for each offense. After the judge had completed the questions pursuant to Rule 11 of the *W.Va.R.Cr.P.*, the judge stated to Gill "[i]f my arithmetic is correct, the worst sentence that could be imposed upon you, that is if I sentence you consecutively, if I make your sentences run back to back, if I totaled

---

1. As part of the plea agreement, the prosecutor reserved the right to request that the circuit court make a finding that the criminal acts were committed with the use of a firearm.

2. *W.Va.R.Cr.P.* Rule 11 [1995] provides, in pertinent part:

(c) *Advice to Defendant.*—Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) If the defendant is not represented by an Attorney, that the defendant has the right to be represented by an Attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) That the defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that the defendant has the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right against compelled self-incrimination, and the right to call witnesses; and

(4) That if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) If the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false swearing.

(d) *Ensuring That the Plea Is Voluntary.*—The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the Attorney for the state and the defendant or the defendant's Attorney.

it up, it would be a minimum of 6 years and a maximum of 30 years." [3]

At the conclusion of the plea hearing, the judge accepted Gill's plea of guilty for the charges set forth in the plea agreement reached between Gill and the prosecuting Attorney.

On April 14, 1997, a sentencing hearing was conducted. During the course of the hearing the judge informed Gill that the sentence came down to "about six and a half years in the penitentiary if you go there and do what you're supposed to ... a minimum of six and a half years in the state penitentiary and a maximum of 30 years." By order dated April 17, 1997, Gill was sentenced to 3 to 15 years on the malicious assault count, 5 years on the wanton endangerment count, and 1 to 5 years on each of the two attempted murder counts. The judge ordered that these sentences were to run consecutively.

Gill was taken to the Regional Jail where he was given a copy of his commitment form. The commitment form, signed by the circuit court judge, ordered that Gill be imprisoned for no more than 30 years but no less than 10 years. Gill filed a motion for Sentence Reconsideration which was denied. Gill then filed the present petition for a Writ of Prohibition. Gill argues that the circuit court violated the terms of the plea agreement and he prays that this Court prohibit the circuit court from enforcing the April 17, 1997 order, and require the circuit court to sentence Gill to a minimum of 6 years not 10 years.

## II.

The standard of review for issues involving the breach of a plea agreement is set forth in Syllabus Point 1 of *State ex rel. Brewer v.*

*Starcher,* 195 W.Va. 185, 465 S.E.2d 185 (1995):

Cases involving plea agreements allegedly breached by either the prosecution or the circuit court present two separate issues for appellate consideration: one factual and the other legal. First, the factual findings that undergird a circuit court's ultimate determination are reviewed only for clear error. These are the factual questions as to what the terms of the agreement were and what was the conduct of the defendant, prosecution, and the circuit court. If disputed, the factual questions are to be resolved initially by the circuit court, and these factual determinations are reviewed under the clearly erroneous standard. Second, in contrast, the circuit court's articulation and application of legal principles is scrutinized under a less deferential standard. It is a legal question whether specific conduct complained about breached the plea agreement. Therefore, whether the disputed conduct constitutes a breach is a question of law that is reviewed *de novo.*

Following the procedure set forth in *Brewer,* we first examine if there was an actual breach of the plea agreement.

■ We note that the plea agreement entered into between Gill and the prosecuting Attorney did not state a specific sentence. The prosecutor had actually reserved the right to comment on all sentencing matters, and further reserved the right to request that Gill be sentenced to consecutive sentences on the charges. The plea agreement, therefore, did not contain a specific sentence that Gill could expect with certainty after

---

**3.** During this phase of the plea hearing the following discussion occurred:

Judge: If my arithmetic is correct, the worst sentence that could be imposed upon you, that is if I sentence you consecutively, if I make your sentences run back to back, if I totaled it up, it would be a minimum of 6 years and a maximum of 30 years. Is that your understanding [Defense Counsel]?

Defense Counsel: It is, your Honor.

Judge: You understand that is the worst thing I could do to you. I could send you to the state penitentiary for a period of between 6 years and 30 years.

Gill: Yes, sir.

Judge: Furthermore, that you wouldn't be eligible—because the plea bargain would involve a finding this was committed with a firearm, you wouldn't be eligible for probation, you wouldn't be considered for probation. You understand that?

Gill: Yes, sir.

Judge: And you wouldn't be eligible for parole until after you had served at least six years?

Gill: Yes, sir.

pleading guilty to the charges. We also note that the circuit court judge did not promise a specific sentence in return for Gill's guilty plea. The transcript clearly indicates that the judge set forth both a minimum and a maximum amount of time to which Gill could be sentenced, and the judge did not promise a specific sentence in return for Gill's plea of guilty.

We therefore find that the circuit court did not breach the plea agreement.

While we do not find that the plea agreement was breached, we still must examine if the guilty plea entered by Gill was knowingly and intelligently offered.

■ The Constitution of West Virginia affords individuals accused of crimes certain rights,[4] but a defendant may relinquish these constitutional rights by a knowing and intelligent waiver. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State v. Rissler*, 165 W.Va. 640, 270 S.E.2d 778 (1980). Regarding waivers of constitutional rights, we have stated:

> [W]aiver of a constitutional right is not to be lightly regarded, and if such a waiver is to be implied at all, it can only be in situations in which it is clear that the accused has not only a full knowledge of all facts and of his rights, but a full appreciation of the effects of his voluntary relinquishment.... An accused may, by declaration and conduct, waive a fundamental right protected by the Constitution, but it must be demonstrated that the waiver was made knowingly and intelligently.

*State v. Eden*, 163 W.Va. 370, 377–378, 256 S.E.2d 868, 873 (1979) (citations omitted).

■ We have also stated that "[w]hen a conviction rests upon a plea of guilty, the record must affirmatively show that the plea was intelligently and voluntarily made with an awareness of the nature of the charge to which the plea is offered *and the consequences of the plea.*" Syllabus Point 1, *Riley*

*v. Ziegler*, 161 W.Va. 290, 241 S.E.2d 813 (1978) (emphasis added).

■ We note from the record before us that Gill was properly informed of the nature of the charges. However, Gill was told on two separate occasions by the circuit court judge that his sentence would be from 6 to 30 years—not 10 to 30 years. We have stated that "[w]hen a trial court explains the maximum possible sentence provided by law to a defendant, such explanation must be accurate and not confusing, misleading or coercive." Syllabus Point 2, *Riley supra.*

■ We find that because Gill was informed by the sentencing judge that "the worst thing I could do to you. I could send you to the state penitentiary for a period of between 6 years and 30 years," Gill was not accurately made aware of the possible sentence that could be imposed. Since the judge volunteered to advise the defendant of the minimum and maximum years possible resulting from the sentences, and was incorrect with that advice, Gill was not accurately informed of the possible sentence that could be imposed. We, therefore, find that Gill could not intelligently waive his constitutional rights and enter a plea of guilty.

### III.

In conclusion, we find that there was no breach of the plea agreement by the circuit court because no specific sentence was promised to Gill in return for his plea of guilty. However, because we find that Gill's plea of guilty was not intelligently and voluntarily made, we order that the conviction based on the plea be voided and we remand this case to the circuit court with instructions to afford Gill the opportunity to reconsider his plea.

Writ Granted.

---

4. W.Va. Const. Art. 3, § 14 provides, in pertinent part:

> In all such trials, the accused shall be fully and plainly informed of the character and cause of the accusation, and be confronted with the witness against him, and shall have the assistance of counsel, and a reasonable time to prepare for his defence; and there shall be awarded to him compulsory process for obtaining witnesses in his favor.